NATHAN SIMMONS v. THE DEFIANCE BOX COMPANY.

(Filed 23 September, 1908.)

1. **Summons—Judgment—Improper Service—Motion in the Cause.**
    A motion to set aside a judgment for lack of service is the proper procedure, and it is for the court to find the facts and correct the record to speak the truth. If as a fact there was no proper service or appearance, the judgment is void.

2. **Procedure—Motion in the Cause—Direct Proceedings.**
    A motion in the cause, when appropriate, is a direct proceeding.

3. **Corporation—Summons—Service—Foreman—Proper. Officer.**
    Service of summons on a foreman of a corporation, who acts under orders of a superintendent who is present at the time, is not upon a person on whom valid service for a corporation can be made.

MOTION by defendant to set aside judgment for want of service, heard by *W. R. Allen, J.,* at February Term, 1908, of CRAVEN.

Motion denied. Plaintiff appealed.

*W. D. McIver* and *R. A. Nunn* for plaintiff.
*H. L. Gibbs* and *Simmons, Ward & Allen* for defendant.

CLARK, C. J. Motion to set aside a judgment. The court found as facts: "The summons issued 27 April, 1907. It was read and a copy delivered to S. D. Mesic, at defendant's mill, 4 May, 1907. At that time L. M. Baltes was superintendent and manager of said mill, and Mesic was employed as foreman of the mill, employing and discharging hands under the instruction of the superintendent; he was not an officer of the company (unless the above facts make him such) and had no authority to pay out and receive money on behalf of the defendant. After the officer left, Mesic handed the summons to Baltes, the superintendent, who was advised by counsel that there had been no legal service, and no attention was paid to the action. At October Term, 1907, judgment by default and inquiry was taken. At November

Term the inquiry was executed and judgment final was entered on the verdict. At February Term, 1908, motion was made to set aside the judgment, on the ground that there had been no legal service of the summons upon the defendant company."

The plaintiff moved to dismiss the motion, on the ground that the remedy was by civil action. The motion to dismiss was properly denied. When it is sought to set aside a judgment for fraud, that must be done by an independent action, because it depends upon extraneous facts, which the parties are entitled to have found by a jury. The judgment is not void for fraud, but voidable. On the face of the record it is regular. But when it is sought to set aside a judgment for irregularity, in that there has been no service of summons, it is for the court to find the facts and correct the record to speak the truth, and if in fact there was no service of summons or appearance by the defendant (which would waive service of summons), the judgment is void. *Smathers v. Sprouse,* 144 N. C., 637, and cases there cited. The words used in that case, "direct proceeding," do not mean "an independent action." A motion in the cause, when appropriate, is a direct proceeding. In the well-known case of *Harrison v. Harrison,* 106 N. C., 282, it was held that when there was no service of process the judgment could be set aside by motion in the cause.

"Where it appears from the record that a person was a party to an action, when in fact he was not, the legal presumption that he was a party is conclusive until removed by a *correction of the record itself,* by a direct proceeding for that purpose." *Sumner v. Sessoms,* 94 N. C., 377. This means by motion in the cause, for the court corrects the record to speak the truth. To same purport, *Doyle v. Brown,* 72 N. C., 393, where it is said: "Where the summons was not served on defendant and he did not enter an appearance nor have any knowledge of the action until after default judg-

ment, the judgment is void and will be set aside, *on motion."* In *Flowers v. King,* 145 N. C., 234, the summons had been served upon another man, who had the same name, and the Court said: "A party in such case is not allowed to seek redress from the action of one court through the conflicting action of another court or *in a different and distinct proceeding* in the same court."

His Honor also correctly held that the "foreman, acting under the directions of the superintendent," is neither "an officer" nor "a managing or local agent" of the company, and hence is not a person upon whom service of summons upon the company could be made. If this were not so, service could be made on the boss spinner or boss weaver of a cotton factory, or the foreman of the round house, or any other foreman of a railroad, acting under orders of a superintendent who is present.

Affirmed.