This is a motion made by Sallie Hensley to set aside a judgment purporting to have been rendered against her by her consent at January Term, 1930, of the Superior Court of Yancey County. According to the entry on the judgment she was represented by attorneys; but the court found the facts to be that her alleged consent resulted from misinformation imparted to the attorneys by another person and that she did not *Page 324 
in fact consent to the judgment or employ attorneys; that she had filed an answer in the cause denying her liability; that she was not represented by authorized counsel at the hearing in which the consent judgment was rendered; and that she is entitled to the relief prayed.
It was adjudged that the judgment be set aside and that the plaintiff return to court the money collected, to be held until the final determination of the appeal. The plaintiff excepted and appealed.
There is a presumption in favor of an attorney's authority to act for any client whom he professes to represent. 6 C.J., 631, sec. 128. The judgment was signed by attorneys professing to represent Sallie Hensley, and upon her devolved the burden of showing that she did not consent to the judgment. Chemical Co. v. Bass, 175 N.C. 426; Gardiner v. May, 172 N.C. 192. She assumed the burden and satisfied the trial court that she had not employed counsel to represent her in the matter then adjudicated; that the attorneys who signed the judgment had not been authorized to do so; that she was not present at the hearing; and that she neither agreed nor authorized any one to agree to the judgment.
The judgment is therefore affirmed. Lynch v. Loftin, 153 N.C. 270, 274.
Affirmed.