ALEXANDER *v.* BOARD OF EDUCATION

AMY ALEXANDER, WIDOW, LELIA SMITH AND HUSBAND, J. A. SMITH, LESTER ALEXANDER AND WIFE, AMERICA ALEXANDER, CLOYD ALEXANDER AND WIFE, VICTORIA ALEXANDER, EVA MILLER AND HUSBAND, J. H. MILLER, MADIE BRUNER AND HUSBAND, G. B. BRUNER, ROBENIA STEVENSON AND HUSBAND, JULIUS STEVENSON, MAGGIE WOOD, WIDOW, DORA DAVIS AND HUSBAND, J. C. DAVIS, ETHEL CAMPBELL AND HUSBAND, L. A. CAMPBELL, RANDOLPH ALEXANDER AND WIFE, ELVIE ALEXANDER, H. C. LITTLE AND LELIA ALEXANDER (KNOWN AS LELIA PHIFER) AND MONROE LITTLE, AMAY LITTLE, MAGGIE LITTLE, MALINDA LITTLE, JOHNSIE LITTLE, MARGARET ALEXANDER, QUAY ALEXANDER, MINNIE ALEXANDER, ELIZABETH ALEXANDER BY THEIR NEXT FRIEND, HESSIE BLANKENSHIP AND EDNA MURDOCK, MOTHER OF THE INFANT MARGARET ALEXANDER, AND COSTIN MURDOCK, AND HER HUSBAND. EX PARTE v. IREDELL COUNTY BOARD OF EDUCATION

No. 6922SC457

(Filed 17 September 1969)

**1. Partition § 10— action to void clerk's order of sale — fraud by attorney — evidence**

In a hearing to declare void clerk's order of sale in a partition proceeding, movants' evidence was insufficient to support a finding that the order of sale was fraudulent on the ground that the attorney who purported to represent the selling petitioners actually represented the purchaser, a county board of education, there being no evidence that the attorney represented the board at the time it became the purchaser, or that the attorney or any individual member of the board profited by the transaction, or that the price paid was less than the full value of the property sold.

**2. Judgments § 30— attack on judgments — fraud — motion in the cause or independent action**

If there has been fraud in obtaining a judgment, the court may set it aside upon motion if the action is still pending; but if the action is ended by a final judgment, an independent action to impeach the judgment must be instituted.

**3. Partition § 10— action to void clerk's order of sale — fraud — motion in the cause**

Trial court properly dismissed motion in the cause made in 1967 to set aside for fraud clerk's order of sale of land in partition proceedings which had been terminated in 1923 by the order of sale, since the statutory exception which permitted an attack for fraud in such case by motion in the cause was repealed by Ch. 719, § 2, of the Session Laws of 1949, effective 1 January 1950.

**4. Partition § 10; Judgments § 17— action to void clerk's order of sale — attorney's lack of authority to file partition proceedings — jurisdiction — void judgment**

If the attorney who purported to represent petitioners in filing *ex parte* partition proceedings actually had no authority to do so, and if the petitioners had done nothing to ratify the proceedings, the clerk's order

of sale and the deed executed pursuant thereto would be subject to attack by motion in the cause, and the jurisdiction apparently acquired over petitioners by the filing of the petition would have been in fact lacking and the judgment rendered thereon a nullity.

**5. Judgments § 30— attack for fraud — void judgment**

If a fraud is perpetrated on the court whereby jurisdiction is apparently acquired when jurisdiction is in fact lacking, judgment rendered by the court is a nullity and may be vacated on motion in the cause.

**6. Partition § 10— attack on clerk's order of sale — attorney's lack of authority to file partition proceedings — evidence**

In a hearing upon motion in the cause to declare void clerk's order of sale in a partition proceeding on the ground that the attorney who purported to represent the movants in filing the *ex parte* partition proceedings in 1923 had no authority to act, trial court properly found the clerk's order of sale to be regular, where the testimony of the movants that they had not authorized the attorney to file the proceedings in their behalf was contradicted by notations on the record that each of the movants in 1924 and 1931 respectively had received from the clerk her proportionate share of the sale proceeds.

**7. Attorney and Client § 3— scope of attorney's authority — presumption**

There is a presumption in favor of an attorney's authority to act for any client whom he professes to represent.

**8. Judicial Sales § 6— validity of sale — duty of purchaser**

In the absence of fraud or the knowledge of fraud, the purchaser at a judicial sale is required only to look at the proceeding to see if the court had jurisdiction of the parties and of the subject matter and if the judgment on its face authorized the sale.

**9. Partition § 10; Judicial Sales § 6— action to void clerk's order of sale — rights of purchaser — fraud**

In a hearing upon motion in the cause to declare void clerk's order of sale in a partition proceeding on ground that the attorney who purported to represent the movants at the proceeding had no authority to act, the rights of the purchaser at the sale will be protected against direct or collateral attack in the absence of fraud or knowledge of fraud on his part, and this is so even though movants are able to establish the attorney's lack of authority.

APPEAL by movants from *Ervin, J.,* May 1968 Session of IREDELL Superior Court.

This is an appeal from an order of the Superior Court dated 6 May 1969 overruling a motion in the cause to declare void an order of sale signed by the clerk of Superior Court of Iredell County, N. C., in a special proceeding for sale of land on petition for parti-

tion, dated 13 September 1923 and approved by the resident judge on 14 September 1923.

On 13 September 1923 Hessie Blankenship filed a petition with the clerk of Superior Court of Iredell County to be appointed next friend for nine named infant owners of undivided interests in a described two-acre tract of land. The petition alleged that a sale of the land was desirable and a special proceeding was necessary for that purpose, that persons closely connected with the infants were interested in the results of the special proceeding and for that reason the petitioner had been requested to apply for appointment as next friend, and that the petitioner had no interest whatever in the result of the special proceeding except to see that the rights of the infants were protected in the event of her appointment as their next friend. On this petition the clerk of Superior Court signed an order on 13 September 1923 finding the petitioner to be a fit and suitable person to act as next friend of the infants. On the same date an *ex parte* petition to sell the two-acre tract for partition was filed in the office of the clerk on behalf of the nine infants, acting by their next friend, and on behalf of a large number of other named persons. In substance the petition alleged: That nineteen of the petitioners, designated by name and including the nine infants, owned remainder interests in the land in question as tenants in common, subject to the dower rights of one of the petitioners; that said nineteen persons each owned fractional shares as set forth in the petition; that the petitioners desired to hold their interests in said land, or the proceeds thereof, in severalty; that actual partition could not be made without injury because of the smallness of the tract and the number of tenants in common and that a sale would be more advantageous to all parties; that the County Board of Education of Iredell County desired to purchase the land for the purpose of erecting a school building thereon, which would be of advantage to petitioners as they owned other lands in the vicinity; that the County Board of Education had offered to purchase said land at private sale for the sum of $100.00 and the petitioners considered this to be a fair and reasonable price and all the land was reasonably worth and "more probably than it would bring if offered for sale at public auction." The petition was signed by John A. Scott, Jr., attorney for petitioners.

On 13 September 1923 the clerk of Superior Court entered an order reciting that the petition came on to be heard before him upon evidence offered; that it appeared to the court that all parties necessary and proper to the action were legally before the court;

that the land described in the petition could not be actually divided without injury to the parties interested and a sale would be more advantageous to all parties; that the County Board of Education of Iredell County had offered to purchase the land for the purpose of acquiring a school site and had offered to pay the sum of $100.00 in cash and the costs of procuring title; and that the petitioners considered this offer a fair and reasonable price for the land and recommended that the same be accepted. The order found as a fact that the price offered was "as much or more than said land would bring if sold at public auction," and thereupon ordered that the sale to the County Board of Education at private sale for the sum of $100.00 cash be approved and confirmed and appointed John A. Scott, Jr., commissioner to execute and deliver deed.

On 14 September 1923, B. F. Long, resident judge of Superior Court, signed an order ratifying and confirming the order of the clerk. As authorized in the order, John A. Scott, Jr., as commissioner, executed and delivered deed conveying the two-acre tract of land to the Board of Education of Iredell County, and filed his settlement with the clerk of Superior Court, showing receipt by him from the County Board of Education of the sum of $100.00 to be distributed in certain stated amounts among the petitioners. Notations on this settlement indicate that disbursement of the purchase price was made among the petitioners in the amounts stated on various dates from 19 January 1924 to 22 July 1931, except for certain portions totaling $20.70, which were noted to have escheated to the University of North Carolina in 1945 and 1965.

On 9 November 1967 a motion in the cause was filed by attorneys representing certain of the original petitioners and other persons alleged to have succeeded as heirs at law or as purchaser to the interests of certain of the original petitioners. This motion referred to the 1923 proceedings and alleged that none of the parties having an interest in the land had been summoned or notified of the petition filed therein for the sale of their land; that a school building known as "Chestnut Grove Public School" was situated on the land; that on 9 October 1967 the Iredell Board of Education posted a notice to sell the school property, and only after this notice was posted did the moving parties know that the Board of Education purported to have any interest in the land "except the use of the same for school purposes"; that the purported parties to the special proceeding had at no time given attorney John A. Scott, Jr., permission to file a petition for sale of their property; and that a sale of the property under the facts and circumstances set forth constituted a taking of their property without notice as prohibited by the

due process clause of the Federal Constitution. The motion prayed that the order of sale which had been entered by the clerk of Superior Court dated 13 September 1923 be declared null and void and that the Iredell County Board of Education be restrained from selling the land. Notice of the filing of this motion was served on the County Board of Education on 13 November 1967.

On 6 December 1967 attorneys for the movants filed a motion to be permitted to amend their previous motion, alleging that since the filing of the same they had discovered two facts pertinent to their motion, to wit: That Hessie Blankenship, the next friend of the minor petitioners, was the secretary for attorney John A. Scott, Jr., and at the time of filing the petition in 1923 the said John A. Scott, Jr., was acting as attorney for the Iredell County School Board and also as attorney for the petitioners. Pursuant to an order allowing their motion to amend, an amended motion was filed on 29 December 1967, in which it was alleged that at the time the petition for partition was filed in 1923 John A. Scott, Jr., was attorney for the Iredell County Board of Education and purported to act on behalf of the petitioners, when in fact he had no authority to represent the petitioners; that the fact that he held himself out as attorney for petitioners and for the Iredell County School Board constituted a conflict of interest which was known by the Iredell County Board of Education; that the whole transaction was known by the clerk of Superior Court of Iredell County, by John A. Scott, Jr., and his staff, and by the Iredell County Board of Education; and that Hessie Blankenship, the next friend appointed to protect the interests of the minor children, was secretary for John A. Scott, Jr. The amended motion prayed that the order of sale dated 13 September 1923 be declared null and void and that the Board of Education be restrained from selling the land.

The motion came on for hearing at the May 1968 Session of Iredell Superior Court. At this hearing two of the movants, who were among the parties named as petitioners in the 1923 proceedings, testified they had not authorized attorney Scott to file any petition in their behalf for division of the land in question and had never received any money for their respective interests in the land. This evidence was contradicted by the record in the clerk's office showing the commissioner's settlement of the proceeds from the partition sale, which indicated that one of these witnesses had been paid her share of the sales proceeds on 8 March 1924 and the other had been paid her share on 22 July 1931.

The movants also called as a witness Hessie Blankenship, who

testified that in 1923 she was secretary for attorney Scott, who had died in 1950; that she did not remember whether in 1923 he performed any services for the Iredell County Board of Education, but she recalled he did do some work for the Board some years later.

Evidence was also introduced to show that Charles Alexander, father of the petitioners in the 1923 proceedings, had formerly been owner of a large tract of land of which the two acres in question were a part; that together with other local citizens he had had the site in question "stepped off for a school"; that the parents in the community raised money and paid $75.00 for an old building, and the school was started when the old building was moved on the land about 1923; that Charles Alexander died prior to the filing of the 1923 partition proceedings; that subsequently, about 1925 or 1926, a new frame schoolhouse was built on the site; and that in 1951 or 1952 the school board erected a brick building on the land. One of the movants testified that the school board got control of the property "by wanting somewhere to build a school and my folks just let them use it as long as it was used for school purposes; when it was not used for school purposes it was to go back to the Alexander estate."

The parties stipulated that the court might enter an order out of term and out of district, and on 6 March 1969 the judge entered an order finding as facts that the order of sale entered in the partition proceedings on 13 September 1923 was regular and had been duly confirmed by the resident superior court judge; that there was no evidence of fraud on the part of any of the parties concerned, particularly no evidence on the part of attorney Scott, the Iredell County Board of Education, or any of its agents, or any others; that the Iredell County Board of Education obtained a deed to the property which was regular on its face and thereafter improved, used and maintained the property for school purposes continuously for many years; that the deed contained no reversionary clause nor any other reservations pertaining to title. On these findings of fact the court denied the motion. Subsequently, the court amended its order denying the motion in order to change the date thereof to read "6 May 1969." From the order as amended, movants appealed.

*Nivens & Brown, by W. B. Nivens, for movants.*

*Chamblee & Nash, by Fred G. Chamblee, for respondent, Iredell County Board of Education.*

PARKER, J.

[1]    By their amended motion in the cause filed 29 December 1967 movants attack the order of sale entered in the 1923 partition proceedings and the deed executed pursuant thereto on two grounds: First, that the attorney who purported to represent the petitioners in the 1923 *ex parte* proceedings had no authority to do so; and second, that even if the attorney had been authorized to bring the proceedings, the order of sale obtained thereby was fraudulent in that the attorney purported to represent the selling petitioners but actually represented the purchaser. The court, after hearing movants' evidence, found the 1923 proceedings regular and found no evidence of any fraud. These findings of the trial court are supported by the record before us.

Movants alleged fraud but were not able to support their allegation by evidence. There was evidence the attorney did do some work for the County Board of Education some years later, but there was no evidence that he represented the Board at the time it became the purchaser in the 1923 proceedings. The purchaser was a public body acquiring the land for public purposes beneficial to all residents of the community, including the sellers. There was no evidence the attorney or any individual member of the purchasing board profited in any way by the transaction. There was no evidence that the price paid was less than the full value of the property sold. The order approving the sale found as a fact that the price offered was as much or more than the land would bring if sold at public auction. There was no evidence to the contrary. In the year 1923 a price of $50.00 per acre for rural land in Iredell County would not appear inadequate. The burden was on movants to produce evidence to prove their allegations of fraud. They produced none. Their attack on that ground must in any event fail for lack of proof.

[2]    There is, however, another reason why their motion, insofar as it was based on allegations of fraud, would have to be dismissed: "If there has been fraud in obtaining a judgment, the court may set it aside upon motion *if the action is still pending; but if the action is ended by a final judgment, relief may be had only by an independent action to impeach the judgment.*" (Emphasis added.) 2 McIntosh, N.C. Practice 2d, § 1718. The reason for this rule was aptly stated by Clark, C.J., in *Simmons v. Box Co.*, 148 N.C. 344, 345, 62 S.E. 435, 435:

> "When it is sought to set aside a judgment for fraud, that must be done by an independent action, because it depends upon extraneous facts, which the parties are entitled to have

found by a jury. The judgment is not void for fraud, but voidable. On the face of the record it is regular. But when it is sought to set aside a judgment for irregularity, in that there has been no service of summons, it is for the court to find the facts and correct the record to speak the truth, and if in fact there was no service of summons or appearance by the defendant (which would waive service of summons), the judgment is void."

[3]    This rule, that a final judgment cannot be attacked for fraud by a motion in the cause, was formerly subject to a statutory exception in the case of orders directing sales of land on petition for partition. C.S. 3243, which was in effect at the time of the 1923 proceedings, contained the following:

"Any party, after the confirmation, shall be allowed to impeach the proceedings and decrees for mistake, fraud or collusion, by petition in the cause: Provided, innocent purchasers for full value and without notice shall not be affected thereby."

This statute was brought forward in the General Statutes of 1943 as G.S. 46-32, and remained in effect until repealed by Chapter 719, § 2, of the 1949 Session Laws, effective 1 January 1950.

The special proceeding with which we are here concerned was terminated by the clerk's order of sale approved by the judge on 14 September 1923. From that date it was no longer pending. More than 44 years thereafter movants filed their motion in the cause seeking to set it aside. The statutory exception permitting an attack for fraud by means of a petition in the cause was no longer in effect. Therefore, while we agree with the trial judge's conclusion that there was here no evidence of fraud on the part of any of the parties concerned, the motion should in any event have been dismissed insofar as it was based on fraud, since under the circumstances relief on that ground could have been obtained only by an independent action to impeach the judgment.

[4, 5]    The motion would not necessarily fail, however, merely because it included allegations of fraud. These may be treated as surplusage, and the motion then be considered on the basis of the remaining ground on which it was made. *Carter v. Rountree*, 109 N.C. 29, 13 S.E. 716. Movants contend that the attorney who purported to represent them in filing the *ex parte* partition proceedings actually had no authority to do so and that they were thereby made parties without their knowledge or consent. Should these allegations be established and if movants have done nothing to ratify the proceedings, the order of sale and the deed executed pursuant thereto

would be subject to attack by motion in the cause. *Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897; *Simmons v. Box Co., supra; Hargrove v. Wilson,* 148 N.C. 439, 62 S.E. 520; Annotation, 88 A.L.R. 12. In such case, while jurisdiction would apparently have been acquired over petitioners by the filing of the *ex parte* petition in their name, jurisdiction would have been in fact lacking and the judgment rendered thereon would be a nullity. The situation in such case would be similar to those cases in which some fraud is perpetrated on the court whereby jurisdiction is apparently acquired but is in fact lacking. "The rule is that if a fraud is perpetrated on the court whereby jurisdiction is apparently acquired when jurisdiction is in fact lacking, the judgment rendered thereon is a nullity and may be vacated on motion in the cause." *McLean v. McLean,* 233 N.C. 139, 145, 63 S.E. 2d 138, 143.

**[6, 7]** In the case before us the evidence was conflicting on the question of the attorney's authority to represent the petitioners in filing the 1923 proceedings. Two of the movants, who had been named with a large number of other persons as original petitioners in those proceedings, testified they had not authorized the attorney to file the proceedings in their behalf and were not aware any such proceedings had been filed. At the time of testifying, one of these witnesses was 78 and the other was 83 years of age. They were testifying concerning events occurring more than 44 years previously. Their testimony was contradicted by the face of the record itself, which included notations that many years ago each of them had actually received from the clerk's office her proportionate share of the sales proceeds. The trial judge, after hearing these witnesses testify and observing them in person, apparently concluded that the face of the record was more persuasive. He found the order of sale by the clerk to be regular and to have been duly confirmed by the resident judge. "There is a presumption in favor of an attorney's authority to act for any client whom he professes to represent." *Bank v. Penland,* 206 N.C. 323, 173 S.E. 345. The burden was on the movants to convince the trial judge to the contrary. Faced with conflicting evidence, he ruled against them. In this we find no error.

**[8, 9]** Finally, there is an additional reason the movants cannot prevail. The trial judge has expressly found no evidence of fraud on the part of the Iredell County Board of Education or any of its agents. None was presented. "It is well settled that, in the absence of fraud or the knowledge of fraud, one who purchases at a judicial sale, or who purchased from one who purchased at such sale, is required only to look to the proceeding to see if the court had juris-

diction of the parties and of the subject matter of the proceeding, and that the judgment on its face authorized the sale." *Graham v. Floyd*, 214 N.C. 77, 83, 197 S.E. 873, 876; See also, *Menzel v. Menzel*, 254 N.C. 353, 119 S.E. 2d 147. "When the record shows both service and appearance, it is clear that the rights of good faith purchasers at execution sale or good faith purchasers of the judgment will be protected against direct or collateral attack, even though there was in fact no service and *the appearance by an attorney was unauthorized.* The party injured may, of course, sue the attorney and anyone else sharing responsibility for the unauthorized appearance." (Emphasis added.) 1 McIntosh, N.C. Practice 2d, § 933, p. 488. Therefore, even though movants had been able to establish that the appearance by the attorney in the partition proceedings had been unauthorized, when the Iredell County Board of Education became purchaser at the court-ordered sale, in the absence of any evidence of fraud or knowledge of fraud on its part, its rights as a good faith purchaser will be protected against direct or collateral attack. *Rackley v. Roberts*, 147 N.C. 201, 60 S.E. 975; *Hatcher v. Faison*, 142 N.C. 364, 55 S.E. 284; *Williams v. Johnson*, 112 N.C. 424, 17 S.E. 496; *England v. Garner*, 90 N.C. 197.

Since in any event the movants cannot prevail, it is not necessary for us to consider whether their motion was barred by laches or estoppel in permitting the County Board of Education to remain in undisturbed possession of the land for a period of more than 44 years, during which period the movants observed the Board erect substantial improvements on the property.

In the trial court's order denying appellants' motion, we find

No error.

CAMPBELL and GRAHAM, JJ., concur.