NANNIE RUTH GREENHILL, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF WILLIAM NORWOOD CRABTREE v. LANIE N. CRABTREE, EXECUTRIX OF THE ESTATE OF RAYMOND E. CRABTREE, LANIE N. CRABTREE AND RICHARD S. CRABTREE

No. 7915SC473

(Filed 5 February 1980)

Attorneys at Law § 3— presumption as to scope of authority—failure to rebut

In this jurisdiction there is a presumption in favor of an attorney's authority to act for the client he professes to represent, and this presumption arises not only with regard to technical or procedural aspects of a case but extends as well to the client's substantive rights; plaintiff in this action failed to rebut this presumption and to prove lack of authority of her counsel to enter a second voluntary dismissal of her claim, and she made no exception to the trial court's finding that no limitation was placed on her attorney.

APPEAL by plaintiff from *McKinnon, Judge*. Order entered 15 March 1979 in Superior Court, ORANGE County. Heard in the Court of Appeals 8 January 1980.

On 17 November 1975 plaintiff filed a complaint against defendants, members of her family, alleging that they had improperly influenced her father to grant them a deed to certain property before he died and that one defendant had improperly influenced her father to create a joint banking account from which the defendant had withdrawn $1,073. Plaintiff sought to have the deed declared void and to have the $1,073 returned to her father's estate. Three days before the action was filed, plaintiff had taken a voluntary dismissal pursuant to Rule 41(a)(1) in an identical cause of action, originally filed 24 October 1974. The present action was calendared for trial on 14 September 1977. In an order dated 12 September 1977, Judge McKinnon, having considered both defendants' motion for early trial and plaintiff's motion for continuance, denied the motion for continuance and ordered that the case be calendared for trial on 19 September 1977.

When the case was called, plaintiff's counsel again moved for a continuance; the motion was denied by Judge Snepp. On 22 September 1977 plaintiff's counsel filed a notice of voluntary dismissal pursuant to Rule 41(a). Plaintiff, employing the same counsel, J. William Blue Jr., appealed from the order denying the motion to continue to the Court of Appeals of North Carolina. The appeal was dismissed by this Court on 7 March 1978.

On 2 November 1978, plaintiff employing different counsel, filed a motion pursuant to Rule 60(b)(4) and (6) to set aside the notice of dismissal filed 22 September 1977 by William Blue "for the reason that said dismissal was filed without any authority, expressed or implied, from the plaintiff or anyone representing the plaintiff." The motion was accompanied by affidavits of plaintiff and her husband. Hearing was held on the motion 20 February 1979; plaintiff's former attorneys presented evidence. The court then made findings of fact, concluded that plaintiff's evidence did not justify relief under Rule 60(b)(4) or (6), and ordered that plaintiff's motion be denied. Plaintiff appeals from this order.

*Grover C. McCain, Jr., for plaintiff appellant.*

*Manning, Jackson, Osborn & Frankstone, by Frank B. Jackson, for defendant appellees.*

MARTIN (Harry C.), Judge.

Plaintiff's sole assignment of error on appeal is the trial court's denial of her motion to set aside the notice of dismissal. She argues that in North Carolina an attorney may not surrender or waive the substantive rights of his client without the client's express authority, that the second voluntary dismissal of her claim operated as a final adjudication of her substantive rights, and that her attorney, William Blue, entered the dismissal without her authority. For the following reasons, we affirm the order of the trial court denying plaintiff relief.

In this jurisdiction there is a presumption in favor of an attorney's authority to act for the client he professes to represent. *Bank v. Penland,* 206 N.C. 323, 173 S.E. 345 (1934); *Alexander v. Board of Education,* 6 N.C. App. 92, 169 S.E. 2d 549 (1969). This presumption arises not only with regard to technical or procedural aspects of a case; it extends as well to the arena of the client's substantive rights. In *Gardiner v. May,* 172 N.C. 192, 89 S.E. 955 (1916), is found this pronouncement:

> A judgment entered of record, whether *in invitum* or by consent, is presumed to be regular, and an attorney who consented to it is presumed to have acted in good faith and to have had the necessary authority from his client, and not to have betrayed his confidence or to have sacrificed his right.

*Id.* at 196, 89 S.E. at 957. *See also Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897 (1961); *Stanley v. Cox,* 253 N.C. 620, 117 S.E. 2d 826 (1961); *Chavis v. Brown,* 174 N.C. 122, 93 S.E. 471 (1917). Even in the criminal law area, when an attorney enters a guilty plea for his client:

> [I]t is to be presumed that no honorable lawyer would enter such a plea in behalf of his client unless the client authorized him to do so. Generally speaking, the legal profession is composed of honorable men who are fair and candid in their dealings with the court.

*State v. Woody,* 271 N.C. 544, 548, 157 S.E. 2d 108, 111 (1967).

No one would quibble with the fact that a dismissal which terminates a case on its merits affects a client's substantive rights. Authorities agree that as a general rule, an attorney can

enter a dismissal which will terminate the case on its merits only with special authorization from his client to do so. 7 C.J.S. Attorney and Client § 87 (1937); 7 Am. Jur. 2d Attorneys at Law § 125 (1963). However, just as in the cases previously cited involving consent or compromise judgments, undoubtedly affecting the substantive rights of a client, the presumption arises as well that the client has given the attorney special authorization for entry of a dismissal:

> Where special authorization is necessary in order to make a dismissal or other termination of an action by an attorney binding on the client, the decisions are generally to the effect that it will be presumed, prima facie, that the attorney acted under and pursuant to such authorization.

Annot., 56 A.L.R. 2d 1290, 1295-96 (1957).

It then becomes the burden of the client to rebut this presumption and to prove lack of authority to the satisfaction of the court. *Howard v. Boyce, supra; Bank v. Penland, supra.* In *Bank v. Penland,* the client was successful in rebutting the presumption that her attorney was authorized to sign a consent judgment in her behalf. The court found as facts that the attorney who signed had not been authorized by her to do so, that she neither agreed nor authorized anyone to agree to the consent judgment, and that she had not employed counsel to represent her in the matter under adjudication.

In the instant case, however, the client failed to meet this burden; she was unsuccessful in proving to Judge McKinnon's satisfaction that William Blue lacked the authority to enter the dismissal which terminated her case. With conflicting evidence before him, Judge McKinnon made the following finding of fact:

> 16. At no time during the course of plaintiff's representation in the matter by attorneys J. William Blue and Barry T. Winston, was any limitation placed by the plaintiff on the aforesaid attorneys' authority to represent the plaintiff and the aforesaid attorneys or members of their law firm represented the plaintiff in all matters pertaining to this litigation from the inception of 74 CvS 1476 until a record on appeal was prepared in the present action.

Appellant made no exception to this finding; therefore, it is conclusive on appeal. *Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590 (1962); *Ply-Marts, Inc. v. Phileman,* 40 N.C. App. 767, 253 S.E. 2d 494 (1979). In making this finding, the trial court reveals that it was not convinced to its satisfaction that William Blue lacked the requisite authority to act for his client in entering the notice of dismissal. In other words, his client failed to carry the burden of rebutting the presumption of authority.

The foregoing amply supports appellees' position that the trial court acted within its sound discretion in denying plaintiff's motion. Appellate review of the trial court's decision on a motion for relief under Rule 60(b) is limited to determining whether the court abused its discretion. *Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975). The court's action in denying plaintiff's motion for relief under Rule 60(b) is

Affirmed.

Judges VAUGHN and WEBB concur.