962 F.2d 6
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James L. GILMORE, Plaintiff-Appellant,
v.
ARMSTRONG WORLD INDUSTRIES, INCORPORATED, formerly known as
Armstrong Cork Company, a Pennsylvania Corporation; The
CELOTEX CORPORATION, individually and as
successor-in-interest to Philip Carey Manufacturing Company,
Philip Carey Corporation, Panacon Corporation, Glen Alden
Corporation, Rapid American Corporation, Briggs
Manufacturing Company, and Smith and Kanzler, a Delaware
Corporation; FIBREBOARD CORPORATION, Pabco Industrial
Products Division, a Delaware Corporation; FLEXITALLIC
GASKET COMPANY, INCORPORATED, a Connecticut Corporation; A.
P. GREEN REFRACTORIES COMPANY, a Delaware Corporation;
KEENE CORPORATION, individually and as successor-in-interest
to Keene Building Products Corporation, Keene Insulation
Products Corporation, Ehret Magnesia Manufacturing Company,
Baldwin-Ehret-Hill, Incorporated, BaldwinHill Company and
Mundet Cork Corporation, a New York Corporation; NATIONAL
GYPSUM COMPANY, a Delaware Corporation; OWENS-CORNING
FIBERGLASS CORPORATION, a Delaware Corporation; PITTSBURGH
CORNING CORPORATION, individually and as
successor-in-interest to Union Asbestos and Rubber Company
(UNARCO), a Pennsylvania Corporation; H. K. PORTER COMPANY,
INC., individually and as successor-in-interest to Southern
Asbestos, Carolina Asbestos, Thermoid and Tullman-McCluskey,
a Delaware Corporation; OWENS-ILLINOIS, INCORPORATED, an
Ohio Corporation, Defendants-Appellees.
and
EAGLE-PICHER INDUSTRIES, INC., an Ohio Corporation;
GARLOCK, INCORPORATED, PRECISION SEAL DIVISION, an
Ohio Corporation, Defendants.
 No. 91-2141.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 17, 1992
Decided: May 8, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Franklin T. Dupree, Jr., Senior District Judge. (CA-88-89-7)
 Stephen E. Culbreth, You, Culbreth & Fox, Wilmington, North Carolina, for Appellant.
 John E. Suthers, John H. Peavy, Jr., Blasingame, Burch, Garrard & Bryant, P.C., Athens, Georgia; Donald E. Britt, Mary Elizabeth Cella, Poisson, Barnhill & Britt, Wilmington, North Carolina, for Appellees.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James L. Gilmore appeals the district court's dismissal of his diversity suit. Gilmore claims that his attorney had no authority to settle his claims against three Defendants in October 9, 1991. However, we abide by the district court's factual findings to the contrary and affirm.
 
 
 2
 * Gilmore retained the law firm of Taft, Taft & Haigler (Taft) to represent him in a civil action against several defendants for health problems he allegedly suffered because of his exposure to asbestos. In August 1988, Gilmore filed suit against thirteen defendants.
 
 
 3
 While the suit was pending, Gilmore, after consulting with a Taft attorney and writing a confirmation letter, accepted an offer from one of the defendants, Garlock, Inc., to settle his claim against Garlock for $750.
 
 
 4
 On October 8, 1990, attorney Thomas F. Taft called Gilmore and informed him that the remaining Defendants had offered to settle their claims with Gilmore for $29,700. Alternatively, Taft stated that if Gilmore did not wish to settle his claims against all the Defendants, he had obtained offers from three of the Defendants, Pittsburgh Corning Corporation, Fibreboard Corporation, and H.K. Porter Company, to settle Gilmore's claims against them for $3,500, $4,000 and $1,500, respectively. It is undisputed that Gilmore thought that his case was worth far more than the settlement amounts offered by the Defendants. Nevertheless, Taft believed at the conclusion of his phone conversation that he had obtained Gilmore's acceptance of the offers submitted by the three Defendants listed above.
 
 
 5
 On October 9, 1990, Gilmore went to court expecting to attend the beginning of his trial but learned instead that his case had been settled and dismissed. On that day, based on the representations of Gilmore's counsel that Gilmore's case had been fully settled against all Defendants, the district court issued an order dismissing the case without prejudice for thirty days. The order stated that if no parties moved to set aside the order within thirty days, it would operate as a dismissal with prejudice.
 
 
 6
 Gilmore filed a handwritten pro se motion to set aside the order on November 7, 1990. Gilmore claimed in his motion that he had not agreed to any settlement and had not given his counsel the authority to represent to the court that settlement had been made.
 
 
 7
 On April 22, 1991, the district held an evidentiary hearing to determine whether to vacate its October 9, 1990 order. The district court heard testimony from Gilmore to the effect that he never accepted the settlement offered he discussed with Taft on October 8, 1990. Gilmore's testimony conflicted with the affidavits filed by Thomas F. Taft and counsel representing Pittsburgh Corning and Fibreboard, John H. Peavy Jr.
 
 
 8
 At the conclusion of the hearing, the district court found that Gilmore and Taft had a misunderstanding about how Gilmore wished to proceed in their conversation of October 8, 1990. Nevertheless, the district court determined that Gilmore was bound by Taft's October 9, 1990 representations to the court that the case had been fully settled as to Defendants Pittsburgh Corning, Fibreboard and H.K. Porter, and thus, rendered judgment dismissing with prejudice Gilmore's claims against those three Defendants.[1]
 
 II
 
 9
 In North Carolina, it is well-settled that counsel employed to conduct litigation has complete authority over the action, all that is incident to it, and all other matters which properly pertain to the action. Hamlin v. Hamlin, 276 S.E.2d 381, 385 (N.C. 1981). There is a presumption in favor of the attorney's authority to act for the client he professes to represent. Greenhill v. Crabtree, 262 S.E.2d 315, 316 (N.C. 1980). A judgment entered of record, including a consent judgment, is presumed to be regular, and the attorney who consented to it is presumed to have acted in good faith and to have the necessary authority from his client, and not to have betrayed his confidence, or to have sacrificed his rights. Id.
 
 
 10
 The trial court's authority to summarily enforce a settlement agreement and enter judgment based on that agreement has long been recognized by appellate courts. Millner v. Norfolk & Western Ry. Co., 643 F.2d 1005, 1009 (4th Cir. 1981). When, however, there is a material dispute about the existence of a settlement agreement or that authority of an attorney to enter a settlement agreement on behalf of his client, the trial court must conduct a plenary evidentiary hearing to resolve that dispute. Id.
 
 
 11
 A district court's factual findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Fed. R. Civ. P. 52(a). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed based on the entire evidence. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). An appellate court must defer to the district court's resolution of credibility conflicts. Alvarado v. Board of Trustees of Montgomery Community College, 928 F.2d 118, 122 (4th Cir. 1991). If the evidence supports two views regarding the action complained of, the factfinder's choice between them cannot be clearly erroneous. Id. at 123. Here, although there is conflicting evidence in the record, we cannot say that the district court's finding that Taft retained authority to settle on Gilmore's behalf when he appeared in court on October 9, 1991 was clearly erroneous.
 
 
 12
 Therefore, we affirm the district court's judgment.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The district court's order denying Gilmore's motion to vacate specifically noted that the dismissal against the remaining Defendants was modified to allow Gilmore to refile his complaint against those defendants within one year of the April 25, 1991, order "without being subject to the plea of any statute of limitations" as a result of the later order
 
 
 [2]
 We agree with all parties that the suggestion of bankruptcy filed in this Court by H.K. Porter Company has no effect on this appeal