MALLIE HARRIS, Plaintiff v. RAY JOHNSON CONSTRUCTION CO., INC., and MARSHALL AVON McNEILL, Defendants

No. COA99-1049

(Filed 29 August 2000)

1. **Attorneys— attorney-client relationship—settlement agreement—actual authority**

   The trial court did not err by concluding that plaintiff's attorney had actual authority to enter into a settlement agreement on his client's behalf for $2000 for injuries arising out of an automobile accident, because the attorney reasonably believed at the time of negotiation that he could settle the case for this gross amount, and only in hindsight did it become clear that the attorney and his client had not reached a clear agreement as to the proper amount based on a difference between the net and gross amount.

**2. Compromise and Settlement— oral acceptance by plaintiff's attorney—binding on all parties**

The trial court did not err by concluding that plaintiff was bound by her attorney's oral acceptance of a settlement agreement for injuries arising out of an automobile accident and that a binding agreement was reached as to all parties, because plaintiff's claim was premised on joint and several liability seeking to recover for a single indivisible injury, which necessarily operated to terminate the controversy as to both defendants.

Appeal by plaintiff from order entered 14 May 1999 by Judge Henry V. Barnette in Harnett County Superior Court. Heard in the Court of Appeals 15 May 2000.

*Brenton D. Adams for the plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by H. Lee Evans and F. Marshall Wall, for the defendant-appellee Ray Johnson Construction Co., Inc.*

LEWIS, Judge.

On 2 March 1998, plaintiff filed a lawsuit seeking to hold defendants jointly and severally liable for injuries arising out of an automobile accident in which defendant Marshall Avon McNeill was the named negligent driver. Defendant McNeill was an employee of defendant Ray Johnson Construction Co. Inc. ("Construction Company").

On 6 November 1998, Brenton Adams, plaintiff's counsel, and defendant Construction Company's insurance carrier entered into negotiations regarding a settlement of plaintiff's claim. The insurance carrier offered to settle plaintiff's claim for $2000, which Mr. Adams accepted on behalf of his client. Defendants believed this transaction created an oral agreement to settle plaintiff's claim. However, in a letter to the insurance carrier dated 2 December 1998, Mr. Adams attempted to repudiate the purported settlement agreement. The insurance carrier received the letter on 28 December 1998. At this time, counsel for defendant Construction Company and its insurance carrier responded to Mr. Adams, asserting that a binding oral agreement had been reached on 16 November 1998. Having received no response from Mr. Adams, on 15 March 1999 defendants filed a Motion to Enforce Settlement in superior court. On 14 May 1999, after reviewing the evidence submitted by both parties, the

HARRIS v. RAY JOHNSON CONSTR. CO.

[139 N.C. App. 827 (2000)]

judge entered an order enforcing the 16 November 1998 oral settlement agreement between plaintiff and defendants. Plaintiff appeals from this order.

Plaintiff's arguments on appeal question the validity of the purported agreement. A compromise and settlement agreement terminating or purporting to terminate a controversy is a contract, to be interpreted and tested by established rules relating to contracts. *Casualty Co. v. Teer Co.*, 250 N.C. 547, 550, 109 S.E.2d 171, 173 (1959). Here, the issue is a matter of contract interpretation, and hence, a question of law. *Davison v. Duke University*, 282 N.C. 676, 712, 194 S.E.2d 761, 783 (1973). Our standard of review here is *de novo*. *Staton v. Brame*, 136 N.C. App. 170, 174, 523 S.E.2d 424, 427 (1999).

[1] Plaintiff first contends her attorney, Mr. Adams, had no actual authority to enter into this settlement agreement on her behalf so that she was not bound by the agreement entered on 16 November 1998. Although plaintiff concedes she expressly authorized Mr. Adams to negotiate a settlement on her behalf, she contends there was a misunderstanding as to the amount of that settlement. Specifically, plaintiff claims she intended to *net* $2000 from the settlement, while her attorney settled for a *gross* amount of $2000, contemplating that medical bills and attorney's fees would be deducted from that amount, resulting in a *net* settlement amount less than $2000 for his client.

We recognize that there is a presumption in North Carolina in favor of an attorney's authority to act for the client he professes to represent. *Gillikin v. Pearce*, 98 N.C. App. 484, 488, 391 S.E.2d 198, 200, *disc. review denied*, 327 N.C. 427, 395 S.E.2d 677 (1990). This presumption applies to both procedural and substantive aspects of a case. *Greenhill v. Crabtree*, 45 N.C. App. 49, 51, 262 S.E.2d 315, 317, *aff'd per curiam*, 301 N.C. 520, 271 S.E.2d 908 (1980). Special authorization from the client is required before an attorney may enter into an agreement discharging or terminating a cause of action on the client's behalf. *Greenhill*, 45 N.C. App. at 52, 262 S.E.2d at 317. "Where special authorization is necessary in order to make a dismissal or other termination of an action by an attorney binding on the client . . . it [is also] presumed . . . that the attorney acted under and pursuant to such authorization." *Id.* One who challenges the actions of an attorney as being unauthorized has the burden of rebutting this presumption and proving lack of authority to the satisfaction of the court. *Chemical Co. v. Bass*, 175 N.C. 453, 456, 95 S.E. 766, 767-78 (1918).

The attorney-client relationship is based upon principles of agency. *Dunkley v. Shoemate*, 350 N.C. 573, 577, 515 S.E.2d 442, 444 (1999). A principal is liable on a contract duly made when the agent acts within the scope of his actual authority. *Foote & Davies, Inc. v. Arnold Craven, Inc.*, 72 N.C. App. 591, 595, 324 S.E.2d 889, 892 (1985). Actual authority is that authority which the agent reasonably thinks he possesses, conferred either intentionally or by want of ordinary care by the principal. *Heath v. Craighill, Rendleman, Ingle & Blythe*, 97 N.C. App. 236, 241, 388 S.E.2d 178, 181 (1990); 3 Am Jur. 2d *Agency* § 73 (1976). Actual authority may be implied from the words and conduct of the parties and the facts and circumstances attending the transaction in question. 3 Am Jur. 2d *Agency* § 75 (1976).

Plaintiff's evidence here establishes Mr. Adams had actual authority to settle her claim for an amount of $2000. Plaintiff retained Mr. Adams as her counsel in this matter and expressly authorized him to settle the claim for an amount in which plaintiff and her counsel thought they had agreed on at the time. According to plaintiff's evidence, plaintiff and her attorney had previously discussed the difference between the net and gross amount, and at the time of the 16 November 1998 negotiation, Mr. Adams "understood" that he was to settle the claim for $2000. Only in hindsight did it become clear that Mr. Adams and his client had not reached a clear agreement as to the proper amount. From this evidence we conclude that Mr. Adams reasonably believed at the time of negotiation that he could settle the case for $2000. Thus, he possessed actual authority to settle in that amount, though it was unfortunately conferred by want of ordinary care. Plaintiff has failed to meet her burden of proving Mr. Adams lacked authority and she is bound by his acceptance of defendant's settlement offer on 16 November 1998.

[2] Plaintiff next contends even if plaintiff was bound by Mr. Adams' acceptance of the settlement agreement, all essential terms were not established before plaintiff's initial acceptance and thus, no binding agreement was reached upon Mr. Adams' acceptance. Specifically, plaintiff argues that the general release of claims form, releasing "all other persons," was not negotiated as part of the offer of settlement. Plaintiff contends that at best, settlement could have been enforced only with respect to defendant Ray Johnson Construction Co., Inc., and not as to defendant Marshall Avon McNeill. Although we agree that a valid contract exists only where there has been a meeting of the minds as to all essential terms of the agreement, *Northington v. Michelotti*, 121 N.C. App. 180, 184, 464 S.E.2d 711, 714 (1995), our

review indicates the oral agreement made between the parties in this case was not incomplete.

The evidence here establishes the 16 November 1998 offer was made to settle plaintiff's *entire* case. Plaintiff's counsel accepted the offer to settle the *entire* pending claim on plaintiff's behalf. This acceptance necessarily contained the implied promise to execute some instrument terminating the controversy as to that settling defendant, namely, the stipulation to dismiss the case with prejudice and release of claims form. Because plaintiff's claim was premised on joint and several liability seeking to recover for a single indivisible injury, this implied promise necessarily operated to terminate the controversy as to both defendants. Consequently, after the initial offer and acceptance, there remained nothing to negotiate in terms of the forms necessary to effectuate the settlement.

Affirmed.

Chief Judge EAGLES and Judge EDMUNDS concur.