In their Opinion and Award the majority finds that plaintiff's claim for the contraction of lung cancer is barred by the compromise settlement agreement previously executed by the parties. I respectfully disagree and vote to reverse the Deputy Commissioner's dismissal of plaintiff's claim.
A compromise settlement agreement is a contract and must be interpreted pursuant to principles of contract law. Harris v. Ray Johnson Constr. Co.,139 N.C. App. 827, 534 S.E.2d 653 (2000). The Commission must look to the plain language of the compromise settlement agreement to determine the intent of the parties and cannot imply additional terms where the language is clear. Compromise settlement agreements should extend only to those matters the parties expressly intended to settle. Because defendants prepared the agreement, any ambiguity must be construed against defendants.Yates v. Brown, 275 N.C. 634, 170 S.E.2d 477 (1969); Windfield Corp. v.Inspection Co., 18 N.C. App. 168, 196 S.E.2d 607 (1973).
I agree with plaintiff's argument that the language of the compromise settlement agreement settled and released only the occupational diseases he had asserted in his original Form 18B or diseases caused by or growing out of those specified occupational diseases. Dr. Craighead stated that asbestosis is a marker that an individual has heavy asbestosis exposure such that there is an increased risk of lung cancer. However, Dr. Craighead also stated that squamous cell carcinoma is not caused by and does not progress from the disease asbestosis.
Plaintiff's claim in I.C. No. 702028 asserted claims for asbestosis, chronic obstructive pulmonary disease, pneumonia and bronchitis. The compromise settlement agreement, in describing plaintiff's asserted claims as including "associated lung diseases" does not establish that the parties intended to settle a claim for lung cancer not diagnosed at the time of the signing of the Form 18B. Further, it appears that the term "associated lung diseases," when read in conjunction with the remainder of the paragraph in which it appears, was intended to cover only diseases that were associated with either asbestosis or COPD, not any and all asbestosis-related diseases. Had defendants intended to include the occupational disease of asbestos-related lung cancer, they could have specifically included this disease in the list of occupational diseases covered by the compromise settlement agreement.
I believe that the majority erred in finding that the language in the compromise settlement agreement referring to "associated diseases," or diseases "growing out of" or resulting from "any change or progression of" the alleged occupational diseases barred plaintiff's new lung cancer claim. Therefore, I must respectfully dissent from the opinion of the majority in this case.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER