JEROME C. SANTONI AND WIFE LYNDA MARIA JOHNSTON SANTONI, Plaintiffs,
v.
SUNDOWN COVE, LLC, NVR, INC., d/b/a RYAN HOMES, SUNDOWN COVE HOMEOWNERS ASSOCIATION, and ROBERT B. DIENST, INDIVIDUALLY, Defendants.
No. COA08-715.
Court of Appeals of North Carolina.
Filed January 20, 2009.
This case not for publication
Eisele, Ashburn, Greene & Chapman, PA, by John D. Greene, for Plaintiffs-Appellants.
McAngus, Goudelock & Courie, P.L.L.C., by John P. Barringer, for Defendant-Appellee Sundown Cove, LLC.
Parker Poe Adams & Bernstein LLP, by Michael G. Adams and A. Todd Sprinkle, for Defendant-Appellee NVR, Inc.
STEPHENS, Judge.
On 26 October 2006, Plaintiffs filed a complaint alleging the following facts: Plaintiffs owned land on Lake Norman in Iredell County. Defendant Sundown Cove, LLC ("Sundown") purchased a large tract of land adjacent to Plaintiffs' property in order to develop a residential subdivision. Defendant Robert B. Dienst ("Dienst") was a member-manager of Sundown and Sundown's "primary decision maker[.]" Sundown sold lots in the subdivision to Defendant NVR, Inc. ("NVR"). As a result of development in the subdivision, Plaintiffs' land was damaged by stormwater runoff. Plaintiffs sought damages from Defendants, jointly and severally, in excess of $10,000.00.
Defendants filed answers to the complaint. On 4 May 2007, Plaintiffs filed a voluntary dismissal without prejudice as to Defendant Sundown Cove Homeowner's Association ("the HOA"). On 5 October 2007, Plaintiff filed a voluntary dismissal without prejudice as to Dienst.
On 20 November 2007, Plaintiffs, Sundown, and NVR participated in a mediated settlement conference and reached a settlement agreement. The parties and their attorneys signed a memorandum of settlement agreement which stated, in pertinent part, as follows:
1. Defendants shall pay Plaintiff[s] the total sum of $115,000.00 . . . within 14 days from the date of this Agreement. Plaintiff[s] shall execute such releases as required by Defendants in a form acceptable to Defendants and shall file a Voluntary Dismissal with Prejudice upon receipt and disbursement of said settlement proceeds.
. . . .
4. Other: . . . (2) All [P]laintiffs and [D]efendants shall execute mutual releases of all existing claims.
On 26 November 2007, NVR's attorney sent Plaintiffs' attorney a proposed settlement agreement. The proposed agreement included the following language:
[Plaintiffs] release and forever waive the right to bring an action against NVR, Sundown, Sundown Cove Homeowners Association, and Robert B. Dienst, or any of their contractors or subcontractors for trespass, negligence, nuisance or surface water diversion related to the design and construction of the . . . subdivision, and any lot or improvement therein.
In an email sent 28 November 2007, Plaintiffs' attorney responded to the proposed agreement as follows:
[R]emove the reference to [t]he HOA and Dienst individually . . . they were out of the lawsuit, not part of the mediation and no release will be given as to them . . . otherwise I think ok . . .
Thereafter, the parties were unable to agree on the settlement agreement's release language, and Sundown and NVR filed motions to enforce the mediated settlement agreement.
In an order entered 21 February 2008, the trial court concluded that the proposed settlement agreement was "reasonable and consistent with the terms of the mediated settlement agreement[,]" and the trial court ordered Plaintiffs to execute the proposed agreement. Plaintiffs timely appealed.
On appeal, Plaintiffs argue that the trial court erroneously interpreted the terms of the parties' settlement, as memorialized in the memorandum of settlement agreement, and that Plaintiffs should not be prevented from re-filing an action against the HOA and Dienst. Specifically, Plaintiffs argue that, because they had previously dismissed the HOA and Dienst, their claims against Sundown and NVR were the only "existing claims" at the time the parties reached the agreement. Plaintiffs argue that they should not be required to execute a release which "extend[s] to persons or entities no longer a party to the action as of the time of the mediation." In response, Sundown and NVR argue that Plaintiffs agreed to relinquish their right to assert claims against any person or entity on allegations that, as a result of development in the subdivision, Plaintiffs' land was damaged by stormwater runoff. We agree with Sundown and NVR.
Because this appeal presents an issue of contract interpretation, we review the trial court's order de novo. Harris v. Ray Johnson Constr. Co., 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000). "Under North Carolina law, '[w]hen the language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court[,] and the court cannot look beyond the terms of the contract to determine the intentions of the parties.'" Weaver v. St. Joseph of the Pines, Inc., 187 N.C. App. 198, 207, 652 S.E.2d 701, 709 (2007) (quoting Piedmont Bank & Trust Co. v. Stevenson, 79 N.C. App. 236, 240, 339 S.E.2d 49, 52 (internal citation omitted), aff'd per curiam, 317 N.C. 330, 344 S.E.2d 788 (1986)). "Thus, '[i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean.'" Id. (quoting Hartford Accident & Indem. Co. v. Hood, 226 N.C. 706, 710, 40 S.E.2d 198, 201 (1946) (internal citations omitted)).
In the case at bar, the terms of the parties' settlement, as set out in the memorandum of mediated settlement agreement, are clear and unambiguous, and the agreement must be given effect. Plaintiffs agreed to execute releases of "all existing claims" and to "execute such releases as required by Defendants in a form acceptable to Defendants[.]" A claim is defined as "[t]heaggregate of operative facts giving rise to a right enforceable by a court[,]" and "[t]he assertion of an existing right[.]" Black's Law Dictionary 264 (8th ed. 2004). The facts giving rise to Plaintiffs' claims were "existing" at the time the parties reached the agreement, and Plaintiffs had the right, at the time the parties reached the agreement, to assert claims against the HOA and Dienst. That Plaintiffs had not re-filed an action against the HOA or Dienst, or instituted an action against any other person or entity, is of no moment. Plaintiffs are required to execute the proposed settlement agreement which, as Defendants drafted it, was in a form acceptable to Defendants.
AFFIRMED.
Chief Judge MARTIN and Judge WYNN concur.
Report per Rule 30(e).