FCR GREENSBORO, INC., Plaintiff v. C & M INVESTMENTS OF HIGH POINT, INC. and C. WAYNE McDONALD, Defendants

No. COA94-979

(Filed 18 July 1995)

**Arbitration and Award § 26 (NCI4th)— liquidated damages— money for changes in sprinkler system—matters not within scope of agreement to arbitrate—award error**

The trial court erred in confirming an arbitration award and entering judgment thereon because the arbitrator exceeded his authority by awarding liquidated damages and awarding monies for changes in a sprinkler system, neither of which was within the scope of the parties' agreement to arbitrate.

**Am Jur 2d, Alternative Dispute Resolution §§ 234-249.**

Appeal by defendant C & M Investments of High Point, Inc. from judgment entered 20 May 1994 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 22 May 1995.

On 10 August 1992, plaintiff and defendant entered into a lease in which defendant C & M Investments of High Point, Inc. agreed to construct and lease to plaintiff FCR Greensboro, Inc. a building to be used as a center for plaintiff's recycling operations pursuant to a contract plaintiff had with the City of Greensboro. The lease obligated defendant to complete the facility by 1 March 1993. The lease provided a late penalty of $750 per day for every day beyond 10 March 1993 where the premises were "not ready for occupancy by Tenant due to events within the Landlord's control."

**FCR GREENSBORO, INC. v. C & M INVESTMENTS**

[119 N.C. App. 575 (1995)]

On 1 February 1993, one month before the scheduled completion date, plaintiff and defendant entered into a lease amendment that extended the completion date to 15 June 1993, which would automatically extend for "adverse weather conditions not reasonably anticipable [sic]." Further, the amendment required that the determination of whether such weather conditions were reasonably anticipated be made by an independent party agreeable to both parties. Defendant also agreed to pay plaintiff $750 per day as liquidated damages for "any delay past the completion date."

The lease amendment stated that defendant was to begin construction immediately, but actual construction did not start until 12 May 1993. Plaintiff moved some of its equipment into the facility in August 1993, but did not begin operations until 13 September 1993 despite the construction being incomplete. A Certificate of Occupancy was finally issued to plaintiff on 3 February 1994.

After unsuccessfully demanding payment of liquidated damages from defendant and alleging damages to the facility, plaintiff filed a complaint for declaratory relief, breach of contract, and a preliminary injunction on 3 December 1993. Thereafter, on 30 December 1993, plaintiff and defendant entered into a written arbitration agreement to "arbitrate the differences which have arisen between the parties with respect to claimed liquidated damages, claimed weather delays and claimed Tenant change orders under the Lease," subject to specified conditions set forth in the agreement.

An arbitration hearing was held from 5 April to 8 April 1994. The arbitrator issued an Arbitration Award ordering defendant to pay to plaintiff as liquidated damages $121,500 and an additional $8645 as reimbursement to plaintiff for additions made to the facility's sprinkler system.

Defendant filed a Motion to Vacate Arbitration Award, and plaintiff subsequently filed a Motion for Confirmation of Arbitration Award and Judgment on Award. The trial court heard the motions and issued an order denying defendant's motion and granting plaintiff's motion. The court entered judgment in favor of plaintiff in the amount of $130,145. Defendant appeals.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Reid L. Phillips and James C. Adams, II, for plaintiff appellee.*

*Elrod Lawing & Sharpless, P.A., by Frederick K. Sharpless, for defendant appellant.*

**FCR GREENSBORO, INC. v. C & M INVESTMENTS**

[119 N.C. App. 575 (1995)]

ARNOLD, Chief Judge.

Defendant contends that the trial court erred in denying defendant's motion to vacate or modify the arbitration award, and in confirming the award and entering judgment thereon because the arbitrator exceeded his authority by: (1) awarding liquidated damages not within the scope of the parties' agreement to arbitrate, and (2) awarding monies for changes in the sprinkler system, a controversy not within the scope of the parties' agreement to arbitrate. We agree.

The parties' arbitration agreement is governed by the Uniform Arbitration Act, N.C. Gen. Stat. § 1-567.1, *et seq.* (1983). Generally, parties who have agreed to abide by an arbitrator's decision will not be heard to attack the regularity or fairness of an award, *Thomas v. Howard*, 51 N.C. App. 350, 276 S.E.2d 743 (1981), and the trial court must confirm the award unless grounds exist to either vacate or modify the award. N.C. Gen. Stat. § 1-567.12. Judicial review of an arbitration award is limited to determining whether there exists one of the specific grounds for vacating the award under N.C. Gen. Stat. § 1-567.13, or modifying the award under N.C. Gen. Stat. § 1-567.14. *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 321 S.E.2d 872 (1984); *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 255 S.E.2d 414 (1979). "[O]nly awards reflecting mathematical errors, errors relating to form, and errors resulting from arbitrators exceeding their authority shall be modified or corrected by the reviewing courts." *Gunter*, 41 N.C. App. at 414, 255 S.E.2d at 419. An award is presumed to be valid, and the party seeking to set it aside must demonstrate an objective basis in the record for concluding that the arbitrator in fact exceeded his authority. *Wilson Building Co. v. Thorneburg Hosiery Co.*, 85 N.C. App. 684, 355 S.E.2d 815, *disc. review denied*, 320 N.C. 798, 361 S.E.2d 75 (1987).

Defendant first contends that the parties never agreed to submit to arbitration disputes regarding liquidated damages due for a delay in *starting* construction, nor did their agreements ever contemplate such liquidated damages. In calculating his award, however, the arbitrator assessed ninety-one days at $750 per day ($68,250) between 1 February 1993 (the date of the parties' lease amendment) to 12 May 1993 (the date defendants actually began construction), labelling this as "liquidated damages due to delay of beginning construction for [February] 1 amendment."

The duty to arbitrate is contractual, therefore, only disputes which the parties agreed to submit to arbitration may be resolved.

*Rodgers Builders v. McQueen,* 76 N.C. App. 16, 331 S.E.2d 726 (1985), *disc. review denied,* 315 N.C. 590, 341 S.E.2d 29 (1986). "To determine whether the parties agreed to submit a particular dispute or claim to arbitration, we must look at the language in the agreement, *viz.,* the arbitration clause, and ascertain whether the claims fall within its scope." *Id.* at 23-24, 331 S.E.2d at 731. Upon review of the record, it is apparent that the arbitration agreement, as well as the lease and lease amendment, did not contemplate liquidated damages in the form of delay in starting construction of the facility. In fact, the record is replete with language that "claimed liquidated damages" were to be calculated only for any delay in the construction of the facility *beyond* the agreed upon completion date. Furthermore, the record demonstrates plaintiff never even made a request for damages caused by a delay in beginning construction. Therefore, we find defendant has demonstrated an objective basis in the record for concluding that the arbitrator in fact exceeded his authority by awarding upon a matter not submitted to him, and the award should be modified accordingly. *See* N.C. Gen. Stat. § 1-567.14(a)(2).

Furthermore, we agree with defendant's contention that the trial court also erred by confirming the arbitrator's award of $8645 "as reimbursement to FCR for additions made to the sprinkler system." Although public policy favors confirmation of arbitration awards, such awards are not infallible. *J.M. Owen Bldg. Contractors v. College Walk, Ltd.,* 101 N.C. App. 483, 400 S.E.2d 468 (1991). Under N.C. Gen. Stat. § 1-567.14(a)(2), as demonstrated by the objective evidence provided in the record, the arbitrator awarded on a matter not submitted to him. *See Rodgers,* 76 N.C. App. 16, 331 S.E.2d 726. No evidence exists to show that reimbursement for sprinkler system additions was ever a part of plaintiff's "claimed liquidated damages" or "claimed Tenant change orders" pursuant to the arbitration agreement. Therefore, the arbitrator exceeded his authority, and the trial court improperly confirmed that portion of the award.

We therefore remand to the Superior Court of Guilford County to enter judgment vacating the portions of the arbitrator's award regarding liquidated damages due to delay in beginning construction and reimbursement for additions made to the sprinkler system.

Reversed in part and remanded.

Judges LEWIS and McGEE concur.