TONY DALE HOWELL, Plaintiff v. JOHN WILSON and NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, an Unnamed Party, Defendants

No. COA99-408

(Filed 7 March 2000)

**Arbitration and Mediation— arbitrator's authority—no additional claims**

The trial court erred in overturning the arbitrator's award in a personal injury case arising out of an automobile accident on the ground that the arbitrator exceeded his authority by limiting the award to plaintiff for the reason that causation could not be established without expert medical testimony, although the parties had agreed to have the case decided on the basis of the testimony of the parties and the stipulated medical records, since: (1) an arbitrator exceeds his authority under N.C.G.S. § 1-567.13(a)(3) only when he arbitrates additional claims and matters not properly before him; and (2) plaintiff's claim for personal injuries was properly before the magistrate, and his denial of that claim, regardless of the reason, was not outside the scope of his authority.

Appeal by defendants from order entered 4 February 1998 by Judge Quentin Sumner in Wilson County Superior Court. Heard in the Court of Appeals 11 January 2000.

*Gibbons, Cozart, Jones, Hughes, Sallenger & Taylor, by W. Earl Taylor, Jr., for plaintiff-appellee.*

*Baker, Jenkins, Jones & Daly, P.A., by Bruce L. Daughtry and Roger A. Askew, for defendant-appellant John Wilson.*

*Poyner & Spruill, L.L.P., by Gregory S. Camp, for defendant-appellant North Carolina Farm Bureau Mutual Insurance Company.*

LEWIS, Judge.

Plaintiff and defendant John Wilson were involved in an automobile accident on 16 September 1996. The parties orally agreed to submit the case to arbitration on the issues of negligence, contributory negligence, and damages. No written arbitration agreement was ever drafted. In an attempt to save costs, no medical experts were deposed. Rather, the arbitration was to be decided based entirely on the testimony of the parties and on the medical records that were admitted into evidence by stipulation.

In a decision dated 2 October 1997, the arbitrator concluded that defendant Wilson was negligent, plaintiff was not contributorily negligent, and plaintiff was entitled to $3500 in damages. In an accompanying letter, the arbitrator then explained his decision. Among other things, he discussed why he did not award plaintiff more than $3500 in damages. Specifically, the arbitrator explained:

> I concluded that the injury to the Plaintiff was not one which lended [sic] itself to proof of causation without expert testimony (particularly in light of the fact that there was no trauma to the shoulder and there was no immediate pain complaint following the accident) and that the medical evidence which was presented to me at the hearing was insufficient under North Carolina law for me to conclude that the requisite causal connection had been established.

Based upon this letter, plaintiff then filed a motion to vacate the arbitration award on the grounds that the arbitrator exceeded his authority by requiring plaintiff to prove causation through expert medical testimony when the parties never agreed to make this a requirement. The trial court agreed with plaintiff and, in an order entered 4 February 1998, vacated the arbitration award. The trial court then ordered a re-arbitration on the issue of damages, but

required plaintiff's treating physician to be deposed first. From this order, defendants now appeal.

Our state has a strong policy in favor of upholding arbitration awards. *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 234, 321 S.E.2d 872, 879 (1984). N.C. Gen. Stat. § 1-567.13(a) provides the limited and *exclusive* grounds for vacating such awards. *Hooper v. Allstate Ins. Co.*, 124 N.C. App. 185, 189, 476 S.E.2d 380, 383 (1996). Pursuant to subsection (a)(3), an award may be vacated when "[t]he arbitrators exceeded their powers." N.C. Gen. Stat. § 1-567.13(a)(3) (1999). We hold that the arbitrator did not exceed his powers here.

At the outset, we note the inherent inconsistency of the trial court's order. The trial court first concluded that the parties never contemplated expert medical testimony would be required at the arbitration hearing. But in ordering a new arbitration hearing on damages, it then required the parties to depose plaintiff's treating physician. In other words, the trial court required expert testimony at the re-arbitration even though it had just concluded that the parties had never agreed to such a requirement in the first place. In the end, however, this inconsistency is insignificant in light of our ultimate holding.

Arbitrators are not required to articulate reasons for their award. *Carteret County v. United Contractors of Kinston*, 120 N.C. App. 336, 344-45, 462 S.E.2d 816, 822 (1995). In fact, " '[a]rbitrators are no more bound to go into particulars and assign reasons for their award than a jury is for its verdict. The duty is best discharged by a simple announcement of the result of their investigation.' " *Bryson v. Higdon*, 222 N.C. 17, 19, 21 S.E.2d 836, 837 (1942) (quoting *Patton v. Baird*, 42 N.C. (7 Ired. Eq.) 255, 260 (1851)). Here, however, the arbitrator announced his award and then explained it in an accompanying letter. When an arbitrator chooses to do this, that explanatory letter becomes part of the award for purposes of appellate review. *See Severtson v. Williams Constr. Co.*, 173 Cal. App. 3d 86, 92 (Cal. Ct. App. 1985) ("When the arbitrator provides the basis for decision in the form of an opinion or letter, that document becomes part of the award for purposes of review."); *see also Hall v. Nationwide Mut. Ins. Co.*, 629 A.2d 954, 956-57 (Pa. Super. Ct. 1993) (using the arbitrators' explanatory letter to justify confirming their award). Even in light of this letter, however, we still conclude that the arbitrator acted within his authority.

HOWELL v. WILSON

[136 N.C. App. 827 (2000)]

Our research has disclosed only a few cases in which our courts have held that an arbitrator exceeded his powers. In *Wilson Building Co. v. Thorneburg Hosiery Co.*, 85 N.C. App. 684, 355 S.E.2d 815, *disc. review denied,* 320 N.C. 798, 361 S.E.2d 75 (1987), we concluded that, because the amount of attorney's fees for debts and obligations is set by statute, the arbitrator exceeded his authority by ordering fees in excess of that amount. *Id.* at 686-88, 355 S.E.2d at 817-18. More instructive, however, is the case of *FCR Greensboro, Inc. v. C&M Investments,* 119 N.C. App. 575, 459 S.E.2d 292, *cert. denied,* 341 N.C. 648, 462 S.E.2d 610 (1995). In that case, the parties submitted for arbitration the amount of liquidated damages caused by the defendant completing construction of a building after the agreed-upon date. *Id.* at 576, 459 S.E.2d at 293. The arbitrator awarded plaintiff these damages, but then also awarded plaintiff two other kinds of damages: (1) liquidated damages caused by delays in starting construction; and (2) reimbursement for certain changes plaintiff made to the sprinkler system that was installed. *Id.* at 577-78, 459 S.E.2d at 294-95. We held that the arbitrator exceeded his powers by making these additional awards. *Id.* at 578, 459 S.E.2d at 294-95.

These two cases illustrate that an arbitrator exceeds his authority when he arbitrates *additional* claims and matters not properly before him. Here, however, we are dealing with a claim for personal injuries that was properly before the arbitrator. Accordingly, he could dispense with it as he saw fit. His *denial* of that claim, regardless of the reason, thus cannot be considered outside his scope of authority. Accordingly, we reverse the trial court's order vacating the arbitrator's award and remand this matter to the trial court for entry of an order confirming the first arbitrator's award.

Reversed and remanded.

Judges GREENE and EDMUNDS concur.