KAY C. SMITH, PLAINTIFF v. YOUNG MOVING AND STORAGE, INC., DEFENDANT

No. COA03-1593

(Filed 21 December 2004)

**1. Arbitration and Mediation— arbitration—vacation of award—statutory grounds**

The legal grounds for vacating an arbitration award under N.C.G.S. § 1-567.13 do not include arguments about whether a settlement letter constituted a binding agreement or whether there was mutual consent and consideration.

**2. Compromise and Settlement— settlement agreement— valid and enforceable**

Although the trial court lacked a statutory basis to review an arbitrator's award, it correctly concluded that the parties had entered into a valid and enforceable settlement agreement which was then enforced by the arbitrator.

Appeal by plaintiff from an order entered 7 July 2003 by Judge Knox V. Jenkins in Johnston County Superior Court. Heard in the Court of Appeals 14 September 2004.

*Hinton, Hewett & Wood, P.A., by Alan B. Hewett, for plaintiff-appellant.*

*McGuire Woods, L.L.P., by J. Mark Langdon and Mark N. Hosmer, for defendant-appellee.*

HUNTER, Judge.

By this appeal Kay C. Smith ("plaintiff"), contends the trial court erroneously confirmed the arbitration award and should have granted plaintiff's motion to vacate said award because the settlement agreement was not a binding and enforceable agreement. Specifically, plaintiff challenges the arbitration award based upon three grounds: (I) the 18 February 2002 letter did not constitute a binding and enforceable settlement agreement; (II) the arbitrator and trial court did not properly identify condition precedents and (III) North Carolina law mandates that arbitration is compellable and irrevocable except with the consent of all parties. We affirm the trial court's order.

SMITH v. YOUNG MOVING & STORAGE, INC.

[167 N.C. App. 487 (2004)]

In January 1991, plaintiff and Young Moving and Storage, Inc. ("defendant"), entered into a contract whereby defendant would store plaintiff's photographic equipment at its storage facility. Plaintiff filed a complaint against defendant after defendant could not locate plaintiff's property. After appeal to the Supreme Court of North Carolina, which affirmed the Court of Appeals' decision compelling arbitration, plaintiff filed a demand for arbitration on 22 January 2002.

On 18 February 2002, plaintiff's counsel sent a letter to defendant indicating plaintiff was willing to settle the dispute upon terms and conditions requiring the payment of $32,750.00 plus interest over a three year time period. According to the letter, defendant would prepare the settlement agreement and promissory note and the arbitration proceedings and lawsuit would be dismissed. Defendant contends the next day, his counsel sent an unexecuted settlement and mutual release agreement and an unexecuted promissory note to plaintiff's counsel. On 26 April 2002, plaintiff's counsel informed defendant's counsel that plaintiff refused to sign the settlement documents and wanted to proceed with arbitration.

On 12 August 2002, defendant filed a motion to enforce the settlement agreement. After plaintiff filed a response to deny the motion, an arbitrator was selected who reviewed the documents and conducted a telephone hearing with the parties' counsel. On 17 October 2002, the arbitrator filed an award in favor of defendant which indicated "[t]he settlement agreement reflected in the letter signed by Claimant's counsel, dated February 18, 2002, shall be enforced." Thereafter, plaintiff filed a motion to vacate the arbitration award on 15 January 2003 and defendant filed a motion to confirm the arbitration award the next month. On 7 June 2003, the trial court entered an order denying plaintiff's motion and confirming the arbitration award. Plaintiff appeals.

[1] Plaintiff first argues the 18 February 2002 letter was not a binding and enforceable settlement agreement. " '[J]udicial review of an arbitration award is confined to [a] determination of whether there exists one of the specific grounds for vacation of an award under the arbitration statute.' " *Semon v. Semon*, 161 N.C. App. 137, 141, 587 S.E.2d 460, 463 (2003) (quoting *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 411, 255 S.E.2d 414, 418 (1979)); *see also Sholar Bus. Assocs. v. Davis*, 138 N.C. App. 298, 301, 531 S.E.2d 236, 239 (2000) (stating "[a]ppellate review of an arbitration award is

limited. A court may only vacate such an award for the reasons enumerated in North Carolina General Statutes section 1-567.13"[1]). N.C. Gen. Stat. § 1-567.13(a) (2001) provides:

> Upon application of a party, the court shall vacate an award where:
>
> (1) The award was procured by corruption, fraud or other undue means;
>
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
> (3) The arbitrators exceeded their powers;
>
> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of G.S. 1-567.6, as to prejudice substantially the rights of a party; or
>
> (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under G.S. 1-567.3 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

Plaintiff contends the arbitrator erroneously concluded the 18 February 2002 letter from plaintiff's counsel to defendant's counsel constituted a binding settlement agreement between the parties; rather, plaintiff contends the letter was an unaccepted offer. Plaintiff further argues that even if the offer was accepted, consideration was lacking, there was no mutual assent to all terms and the arbitrator failed to identify condition precedents. These legal arguments are not grounds for vacating an arbitration award under N.C. Gen. Stat. § 1-567.13. Indeed, "an arbitrator is not bound by substantive law or rules of evidence, [and] an award may not be vacated merely because the arbitrator erred as to law or fact. Where an arbitrator

---

1. N.C. Gen. Stat. § 1-567.13 (2001) has been repealed and replaced by N.C. Gen. Stat. § 1-569.23 (2003) effective 1 January 2004. In this case, the arbitration award was signed on 17 October 2002 and the confirmation order and judgment was filed on 7 June 2003. Accordingly, N.C. Gen. Stat. § 1-567.13 is applicable to this case.

makes such a mistake, 'it is the misfortune of the party.' " *Sholar*, 138 N.C. App. at 301, 531 S.E.2d at 239 (citations omitted).

> "[O]nly awards reflecting mathematical errors, errors relating to form, and errors resulting from arbitrators['] exceeding their authority shall be modified or corrected by the reviewing courts. . . . If an arbitrator makes a mistake, either as to law or fact [unless it is an evident mistake in the description of any person, thing or property referred to in the award, it is the misfortune of the party. . . . There is no right of appeal and the Court has no power to revise the decisions of 'judges who are of the parties' own choosing.' An award is intended to settle the matter in controversy, and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens the door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus . . . arbitration instead of ending would tend to increase litigation."

*Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 236, 321 S.E.2d 872, 880 (1984) (citations omitted). Accordingly, we overrule this assignment of error.

[2] Finally, plaintiff contends the arbitrator exceeded his authority by enforcing an invalid settlement agreement and not conducting a full and fair hearing on the merits of her claim. Essentially, plaintiff argues an arbitrator should not be allowed to enforce a contract that does not exist.

An arbitrator exceeds his authority when he arbitrates additional claims and matters not properly before him. *See Howell v. Wilson*, 136 N.C. App. 827, 830, 526 S.E.2d 194, 196 (2000). Moreover, "[i]t is from the agreement that the arbitrators derive[] their authority." *Chair Co. v. Furniture Workers*, 233 N.C. 46, 48, 62 S.E.2d 535, 537 (1950). There have been

> only a few cases in which our courts have held that an arbitrator exceeded his powers. In *Wilson Building Co. v. Thorneburg Hosiery Co.*, 85 N.C. App. 684, 355 S.E.2d 815, *disc. review denied*, 320 N.C. 798, 361 S.E.2d 75 (1987), we concluded that, because the amount of attorney's fees for debts and obligations is set by statute, the arbitrator exceeded his authority by ordering fees in excess of that amount. *Id.* at 686-88, 355 S.E.2d at 817-18. . . . [In] *FCR Greensboro, Inc. v. C&M Investments*, 119

**SMITH v. YOUNG MOVING & STORAGE, INC.**

[167 N.C. App. 487 (2004)]

N.C. App. 575, 459 S.E.2d 292, *cert. denied*, 341 N.C. 648, 462 S.E.2d 610 (1995) . . . , the parties submitted for arbitration the amount of liquidated damages caused by the defendant completing construction of a building after the agreed-upon date. *Id.* at 576, 459 S.E.2d at 293. The arbitrator awarded plaintiff these damages, but then also awarded plaintiff two other kinds of damages: (1) liquidated damages caused by delays in starting construction; and (2) reimbursement for certain changes plaintiff made to the sprinkler system that was installed. *Id.* at 577-78, 459 S.E.2d at 294-95. We held that the arbitrator exceeded his powers by making these additional awards. *Id.* at 578, 459 S.E.2d at 294-95.

*Howell,* 136 N.C. App. at 830, 526 S.E.2d at 196. In this case, the contract provided in pertinent part:

9. Arbitration: Any controversy or claim arising out of or relating to this contract, the breach thereof, or the goods affected thereby, whether such claims be found in tort or contract shall be settled by arbitration law of the Company's State and under the Rules of the American Arbitration Association, provided however, that upon such arbitration the arbitrator or arbitrators may not vary or modify any of the foregoing provisions.

Plaintiff alleged defendant breached its contract with plaintiff by losing her photographic equipment. Plaintiff filed a demand for arbitration and the parties began settlement discussions. According to defendant, the parties reached an oral settlement and plaintiff forwarded a 18 February 2002 letter to defendant confirming the settlement terms. The next day, defendant sent a settlement agreement, which included the terms in the 18 February 2002 letter, and release to plaintiff per plaintiff's request. The arbitration proceedings were dismissed in reliance upon the settlement. After plaintiff refused to sign the documents, defendant filed a motion with the American Arbitration Association requesting the assigned arbitrator to enforce the settlement agreement. After conducting a hearing via telephone, the arbitrator entered an award enforcing the settlement agreement on 17 October 2002. As the validity of the settlement agreement was related to a dispute arising out of the parties' contractual relationship, the arbitrator did not exceed his authority in concluding the settlement agreement was binding.

Notwithstanding the trial court finding the lack of statutory basis under N.C. Gen. Stat. § 1-567.13 (2001) for reviewing the arbitrator's award which determined the settlement agreement was binding and

enforceable, the trial court nevertheless considered the validity of the settlement agreement. In its order, the trial court stated: "11. . . . The Court also considered the February 18, 2002 letter between counsel and finds that it constitutes a valid and enforceable settlement agreement." This finding is supported by the parties' allegations in their complaint and answer. In her complaint, plaintiff alleged:

> 6. That on or about 18 February 2002, Plaintiff's counsel forwarded a letter to Defendant's counsel. A copy of the letter is attached hereto as "Exhibit A" and is fully incorporated herein by reference. That on or about 19 February 2002, Defendant's counsel forwarded an unexecuted Settlement and Mutual Release Agreement and unexecuted Promissory Note to Plaintiff's counsel.

The letter stated:

> Based upon the information that I have reviewed on your client, it has been determined that it is in Ms. Smith's best interest to settle the above referenced matter upon the following terms and conditions:
>
> 1. Payment of $10,000.00 to my office within thirty days of the execution of the settlement documents;
>
> 2. Payment of $22,750.00 within 3 years at 8% simple interest with 3 yearly payments of no less than one-third (⅓) of the principal and interest balance owed; with the following payment schedule: . . . . No prepayment penalty. In the event of prepayment only the accrued interest shall be paid.
>
> 3. As of the date of the execution of the settlement agreement by Young Moving that they are not in bankruptcy and that no bankruptcy petition is pending[.]
>
> 4. You will prepare the necessary settlement documents consisting of a settlement agreement and promissory note. A dismissal of the arbitration and lawsuit will be filed.
>
> I am faxing a copy of this settlement to Mr. Gary Jackson and Ms. Gail Zieky with the AAA [American Arbitration Association]. . . .

In its answer, defendant admitted plaintiff's allegations regarding the contents of the settlement letter were accurate.

"A compromise and settlement agreement terminating or purporting to terminate a controversy is a contract, to be interpreted and

tested by established rules relating to contracts." *Harris v. Ray Johnson Constr. Co.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000). A valid contract is formed when parties " 'assent to the same thing in the same sense, and' their minds meet as to all terms.' " *Normile v. Miller and Segal v. Miller*, 313 N.C. 98, 103, 326 S.E.2d 11, 15 (1985) (quoting *Goeckel v. Stokely*, 236 N.C. 604, 607, 73 S.E.2d 618, 620 (1952)). Moreover, "[t]here is no law requiring a compromise contract . . . to be put in writing." *Armstrong v. Polakavetz*, 191 N.C. 731, 735, 133 S.E. 16, 18 (1926).[2]

In this case, plaintiff made a settlement offer and defendant accepted. The terms of the settlement were memorialized in an 18 February 2002 letter sent by plaintiff's counsel to defense counsel. A copy of the letter was sent to the American Arbitration Association and the arbitration proceedings were canceled. Later, plaintiff refused to sign the final settlement documents. The facts indicate that plaintiff and defendant orally agreed to settle their dispute.

Moreover, plaintiff has not contended her attorney was without authority to bind her to the settlement agreement. *See The Currituck Associates-Residential Partnership v. Hollowell*, 166 N.C. App. at 28, 601 S.E.2d at 264. Although " 'special authorization from the client is required before an attorney may enter into an agreement discharging or terminating a cause of action on the client's behalf,' " " 'there is a presumption in North Carolina in favor of an attorney's authority to act for the client he professes to represent.' " *Id.* (quoting *Harris v. Ray Johnson Constr. Co.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 655 (2000)). Thus, " 'one who challenges the actions of an attorney as being unauthorized has the burden of rebutting this presumption and proving lack of authority to the satisfaction of the court.' " *Id.* (citation omitted). As stated, plaintiff has not argued her attorney was without authority to settle her claim against defendants.

Finally, plaintiff contends the trial court and the arbitrator failed to properly identify conditions precedents. Specifically, plaintiff argues the execution of the settlement documents was a condition precedent to the formation of a contract. However, our review of the letter sent by plaintiff's counsel indicates the contract execution was not a condition precedent. In pertinent part, the letter stated:

2. However, if the statute of frauds is applicable to the case or controversy, we note the settlement agreement must meet the requirements of the statute of frauds. *See The Currituck Associates-Residential Partnership v. Hollowell*, 166 N.C. App. 17, 28, 601 S.E.2d 256, 264 (2004).

Based upon the information that I have reviewed on your client, it has been determined that it is in Ms. Smith's best interest to settle the above referenced matter upon the following terms and conditions:

1. Payment of $10,000.00 to my office within thirty days of the execution of the settlement documents[.]

As the Court in *McClure Lumber Co. v. Helmsman Constr., Inc.* noted:

It is a well-settled principle of contract law that "[a] condition precedent is an event which must occur before a contractual right arises . . . ." Stated another way, "[a] condition precedent is an act or event, other than a lapse of time, which [unless excused] must exist or occur before a duty to perform a promised performance arises." However, for a contract provision to be construed as a condition precedent, the provision must contain language which plainly requires such construction.

*McClure Lumber Co.*, 160 N.C. App. 190, 197, 585 S.E.2d 234, 238 (2003) (citations omitted). The language focused upon by plaintiff is a contractual term regarding when payment is due by defendant. While the execution of settlement documents would trigger the thirty day time period within which defendant must pay $10,000.00 to plaintiff, the execution of settlement documents does not effect whether or not a valid and enforceable settlement agreement was entered into by the parties.

Relying upon *Chappell v. Roth*, 353 N.C. 690, 548 S.E.2d 499 (2001), plaintiff argues the letter from her attorney to defense counsel did not constitute a binding and enforceable settlement agreement. In *Chappell*, settlement was predicated upon a " 'full and complete release, mutually agreeable to both parties.' " *Id.* at 691, 548 S.E.2d at 500. After the settlement conference, the plaintiff in *Chappell* objected to a provision in the proposed release and suggested alternatives to the release language. Our Supreme Court held that "absent agreement by the parties concerning the terms of the release, the settlement agreement did not constitute an enforceable contract." *Id.* at 692, 548 S.E.2d at 500. Unlike the situation in *Chappell*, the parties agreed to the settlement terms outlined in the letter sent from plaintiff's counsel to defendant's counsel and the arbitration proceedings were dismissed. The fact that plaintiff later changed her mind does not render the settlement agreement unen-

forceable. Indeed, "[f]or an agreement to constitute a valid contract, the parties' " 'minds must meet as to all the terms.' " *Id.* (citation omitted). Plaintiff's counsel sent a letter to defendant's counsel on 18 February 2002 explaining the settlement terms. Defendant accepted these terms and a contract was formed.

In sum, we agree with the trial court that N.C. Gen. Stat. § 1-567.13(a) (2001) precludes review of the arbitrator's award determining the settlement agreement was binding and enforceable. Nonetheless, the trial court correctly concluded a valid and enforceable settlement agreement was entered into by the parties. Accordingly, we affirm the order below.

Affirmed.

Judges TIMMONS-GOODSON and McCULLOUGH concur.