JEFFREY B. CARROLL v. JAMES P. FERRO; DELPHIN PROPERTIES, LLC; COMMUNITY LAND ASSOCIATES, LLC AND ASSOCIATES HOUSING FINANCE, LLC

No. COA05-1420

(Filed 5 September 2006)

**1. Arbitration and Mediation— modification or vacation of award—grounds and authority**

The trial court erred by modifying an arbitrator's award based on a ruling that the arbitrator had exceeded his authority in making an award greater than the established cap. This is a ground for vacating the award, but not for modifying or correcting the award.

**2. Arbitration and Mediation— arbitration—untimeliness of award—waiver**

Failure to object to the untimeliness of an arbitration award before entry constitutes a waiver of such an objection regardless of whether defendants base their claim on 9 U.S.C. § 10 or N.C.G.S. § 1-567.13.

**3. Arbitration and Mediation— arbitration—legal issue—arbitrator's decision not disturbed**

An arbitrator is not bound by substantive law and legal arguments are not grounds for vacating an arbitration award. The trial court here was without authority to disturb an arbitrator's conclusions on the issue of a violation of the Unfair and Deception Trade Practices Act.

Appeal by plaintiff and defendants from order entered 28 July 2005 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 June 2006.

*Harris, Flanagan & Hilton, P.A., by Nelson G. Harris, for plaintiff-appellants.*

*James, McElroy & Diehl, P.A., by Richard B. Fennell, Preston O. Odom, III and J. Mitchell Aberman, for defendants-cross-appellants.*

STEELMAN, Judge.

Plaintiff and defendant James Ferro (Ferro) began a business relationship in August of 1998, which involved the acquisition and

development of manufactured home communities. As part of this relationship, a number of limited liability companies were formed, including defendant Delphin Properties, LLC (Delphin) and defendant Community Land Associates, LLC (Community Land), who, along with James Ferro are the defendants (defendants) for the purposes of this appeal. Delphin and Community Land both had operating agreements, signed by plaintiff and Ferro, which included arbitration clauses. These arbitration clauses permitted any party to require submission of a dispute to arbitration should good faith attempts to resolve a dispute fail.

Plaintiff filed a complaint in Mecklenburg County Superior Court on 2 October 2002 containing twenty-seven counts against defendants, including breach of contract, breach of fiduciary duty and unfair and deceptive trade practices. In response to a motion to dismiss filed by defendants arguing that the matter should be sent to binding arbitration, the trial court stayed the action pending arbitration by order entered 22 January 2003. William B. Sullivan (arbitrator) was the designated arbitrator in this matter. Pursuant to the Rules of the American Arbitration Association for Commercial Arbitration, parties are required to pay fees correlating to the amount of the award sought. Plaintiff sent a check to the AAA for $3,250.00, which constituted the fee for arbitration when plaintiff had not yet estimated his damages at the time of filing. The arbitrator subsequently informed plaintiff that he required a more definite estimate of plaintiff's damages in order to proceed with the arbitration, and plaintiff responded with an estimate of $499,999.00. Plaintiff later increased his estimate of damages to $1,000,000.00, and payed AAA the amount necessary to cover its fees for that amount. Plaintiff did not attempt to increase his estimate of damages above $1,000,000.00 before the award was rendered.

The arbitrator entered his award on 17 December 2004, finding in favor of plaintiff with actual damages in the amount of $876,408.00. This amount was trebled to $2,629,224.00 based upon a finding that defendants' action constituted a violation of North Carolina's Unfair and Deceptive Trade Practices Act. Additional damages were assessed, raising the total award to $2,667,913.82.

On 28 March 2005, defendants filed a motion to vacate, or in the alternative, modify or correct the arbitration award. Defendants argued that the entire award should be vacated because the arbitrator failed to make the award within the thirty days required by the AAA Rules. Defendant argued in the alternative that the award should be modified, because the arbitrator had no authority to make an award

in excess of $1,000,000.00, and because defendants' actions did not constitute unfair and deceptive trade practices as a matter of law.

On 28 July 2005, Judge Patti filed his "Order Confirming Partially Vacated, Modified, and Corrected Arbitration Award" in which he ruled that because plaintiff had only paid AAA a fee supporting an award up to $1,000,000.00, the arbitrator was not permitted to grant an award to plaintiff exceeding that amount. Judge Patti then reduced the award from $2,667,913.82 to $1,000,000.00, and confirmed the modified award. Judge Patti denied defendants' request to vacate the award *in toto*, and ruled that though he agreed with defendants' argument concerning the applicability of the North Carolina Unfair and Deceptive Trade Practices Act to this case, he was without authority to disturb the arbitrator's ruling on that matter. From this order both plaintiff and defendants appeal.

*Plaintiff's Appeal*

**[1]** In plaintiff's first argument, he contends that the trial court erred in modifying the award of the arbitrator. We agree.

In its 20 July 2005 order, the trial court ruled that the arbitrator had "exceeded or imperfectly executed his powers and authority in awarding [plaintiff] an amount greater than $1,000,000.000 [sic], warranting vacatur, modification, and correction of the Arbitration Award." The trial court based this ruling on its determination that the arbitrator had established a cap on the award of $1,000,000.00, based upon the AAA fees plaintiff had paid, then improperly exceeded this cap by awarding plaintiff $2,667,913.82. The trial court therefore concluded that the "Arbitration Award should be vacated, modified and corrected to provide that [plaintiff] may only collect from Arbitration Defendants, in the aggregate, the total principal sum of $1,000,000.00, plus interest thereon at the legal rate from the date of entry of this Order." Though the trial court includes the word "vacated" in its order, it is clear to this Court that the trial court's reduction of the award from $2,667,913.82 to $1,000,000.00 constituted a modification or correction of the award, not vacatur.

The trial court did not rule on whether the arbitration agreement in question is governed by the Federal Arbitration Act (FAA) or the North Carolina Uniform Arbitration Act (NCUAA), stating: "This Court need not resolve the parties' choice-of-law dispute because . . . . [the] disposition would be the same whether the FAA or the NCUAA controls." We note that whether the FAA or the NCUAA controls is generally a question of fact which this Court should not

**CARROLL v. FERRO**

[179 N.C. App. 402 (2006)]

decide for the first time on appeal. *Eddings v. S. Orthopedic & Musculoskeletal Assocs., P.A.*, 147 N.C. App. 375, 385, 555 S.E.2d 649, 656 (2001), *reversed, dissent adopted by*, 356 N.C. 285, 569 S.E.2d 645 (2002). The language of the relevant federal and state statutes are, however, very similar. Under either statute, the trial court may modify or correct an award only if:

1) there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issue submitted, or

3) the award is imperfect in matter of form not affecting the merits of the controversy.

*See* 9 U.S.C. § 11 and N.C. Gen. Stat. § 1-567.14 (2002).[1]

The grounds for vacatur of an arbitration award are different. The trial court may vacate an award upon grounds specified in 9 U.S.C. § 10 or N.C. Gen. Stat. § 1-567.13 (2002). One of these grounds is a finding that the arbitrators "exceeded their powers". *See* 9 U.S.C. § 10 and N.C. Gen. Stat. § 1-567.13 (2002) (9 U.S.C. § 10 includes this additional language: "arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."). As noted above, the trial court based its ruling on its determination that the arbitrator "exceeded or imperfectly executed his powers and authority" in making his award. This is a ground for vacating an award under 9 U.S.C. § 10 or N.C. Gen. Stat. § 1-567.13 (2002), this is not a ground for modifying or correcting an award. There is nothing in the 20 July 2005 order indicating that the trial court considered the proper standard for modifying or correcting the award of the arbitrator, and nothing in the order indicating that the trial court determined there were grounds pursuant to either 9 U.S.C. § 11 or N.C. Gen. Stat. § 1-567.14 (2002) supporting modification or correction of the award. We therefore remand this case to the trial court with instructions to either make findings of fact and conclusions of law in support of any modification of the arbitrators award, as permitted under 9 U.S.C. § 11 or N.C. Gen. Stat. § 1-567.14 (2002), or otherwise act consistent with this

---

1. This section was repealed effective 1 January 2004, and replaced by Article 45C of Chapter 1, N.C. Gen. Stat. § 1-569.1, *et seq.*

opinion and the law. In light of this holding, we do not address plaintiff's other arguments on appeal.

### Defendants' Appeal

**[2]** In defendants' first argument, they contend the trial court erred in not completely vacating the arbitration award because the arbitrator exceeded his powers by failing to timely enter the award. We disagree.

Rule 43 of the Arbitration Rules of the American Arbitration Association in effect at the time the administrative filing requirements in this matter were met states:

> The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

It is undisputed that the arbitrator made the award outside the 30 day period mandated by the AAA Rules. Defendants argue this failure to enter the award in a timely manner constituted "exceeding the powers" of the arbitrator, and warranted vacatur of the award pursuant to either 9 U.S.C. § 10 or N.C. Gen. Stat. § 1-567.13 (2002). Defendants make no argument that violation of Rule 43 mandates *per se* vacatur of the award, and nothing in the AAA Rules suggests such a mandate.

Defendants did not object to the untimeliness of the award until after it was rendered (and they had determined that the award was not in their favor). We hold that failure to object to the untimeliness of the award before entry constitutes a waiver, regardless of whether defendants base their claim on 9 U.S.C. § 10 or N.C. Gen. Stat. § 1-567.13 (2002). *See In re Arbitration No. AAA13-161-0511-85 under Grain Arbitration Rules*, 867 F.2d 130, 134-35 (2d Cir. 1989); *Jones v. St. Louis-San Francisco Ry. Co.*, 728 F.2d 257, 266 (6th Cir. 1984); *Huntington Alloys, Inc. v. United Steelworkers of America*, 623 F.2d 335, 339 (4th Cir. 1980); *West Rock Lodge, etc. v. Geometric Tool Co., etc.*, 406 F.2d 284, 287 (2d Cir. 1968); N.C. Gen. Stat. § 1-567.9 (2002). This argument is without merit.

**[3]** In defendants' second argument, they contend that the trial court erred in not eliminating the North Carolina Unfair and Deceptive Trade Practices Act award from the arbitration award. We disagree.

The arbitrator found that Ferro violated the North Carolina Unfair and Deceptive Trade Practices Act "by his conduct as managing member of Delphin and Community [Land] vis-a-vis [plaintiff]. . . ." Defendants argue that the arbitrator improperly found Ferro's actions constituted unfair and deceptive trade practices, because his actions were not "in or affecting commerce" as required by N.C. Gen. Stat. § 75-1.1(a) (2005). The trial court agreed with defendants that Ferro's actions did not constitute unfair and deceptive trade practices, but ruled: "The Arbitrator's application of the NCUDTPA in this case, while erroneous and unfortunate, is not correctable upon judicial review."

Without addressing whether the arbitrator was correct in his application of our Unfair and Deceptive trade Practices Act to this case, we agree with the trial court that it was without authority to disturb the arbitrator's conclusions on this matter. "[L]egal arguments are not grounds for vacating an arbitration award . . . . Indeed, 'an arbitrator is not bound by substantive law or rules of evidence, [and] an award may not be vacated merely because the arbitrator erred as to law or fact. Where an arbitrator makes such a mistake, "it is the misfortune of the party." ' " *Smith v. Young Moving & Storage, Inc.,* 167 N.C. App. 487, 489-90, 606 S.E.2d 173, 175-76 (2004) (citations omitted). "If the courts were to invalidate awards based upon errors of law, it would '[open the] door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus . . . arbitration, instead of ending would tend to increase litigation.' " *Carteret County v. United Contractors,* 120 N.C. App. 336, 347, 462 S.E.2d 816, 823-24 (1995) (citations omitted). Assuming *arguendo* the arbitrator erred in his application of the law, this does not constitute him "exceeding his authority" warranting vacatur. *Id., see also Cyclone Roofing Co. v. LaFave Co.,* 312 N.C. 224, 236, 321 S.E.2d 872, 880 (1984). This argument is without merit.

## Conclusion

We reverse the trial court's ruling modifying the award to plaintiff and remand for further action consistent with this opinion. In all other respects, the order is affirmed.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judges McGEE and ELMORE concur.