PURCELL INTERNATIONAL TEXTILE GROUP, INC., A NORTH CAROLINA COMPANY,
PLAINTIFF v. ALGEMENE AFW N.V.; ALGEMENE USA, LLC; BRUVATEX N.V.;
COSITEX, N.V., BRUVATEX USA, INC., ZENITH EXPORTS, LTD., ZENSILK,
INC.; DECOVIZ-PRODUTOS DE DECORACAO LDA; TEVIZ DE VIZELA S.A.;
PENELOPE; PENELOPE USA, LLC; HIGH FIVE TEXTILES, LLC; AND LUC
CALLENS, DEFENDANTS

No. COA06-1075

(Filed 7 August 2007)

**1. Attorneys— exceeding authority in settling case—Rule 60
motion for relief—not an extraordinary circumstance**

The trial court did not abuse its discretion by denying defend-
ants' motion for relief under N.C.G.S. § 1A-1, Rule 60(b)(6) for
extraordinary circumstances where defendants' attorney ex-

ceeded his authority in reaching a settlement. The attorney acted with apparent authority as defendants' agent.

**2. Attorneys— exceeding authority in reaching settlement— Rule 60 motion for relief—not excusable neglect**

The trial court did not abuse its discretion in denying defendants' motion for relief under N.C.G.S. § 1A-1, Rule 60(b)(1) for excusable neglect after their attorney exceeded his authority in negotiating a settlement.

**3. Agents— attorney exceeding authority—joint and several liability by defendants**

The trial court did not err by entering judgments against defendants jointly and severally where their attorney, acting as their agent, exceeded his actual authority in negotiating a settlement which called for joint and several liability.

**4. Compromise and Settlement— agreement entered over telephone—confession of judgment not executed**

Legal agreements are not required to be in writing, and an unauthorized settlement agreement concluded over the telephone by defendants' attorney and plaintiff was valid.

Appeal by defendants from judgment entered 21 February 2006 by Judge Richard D. Boner in Catawba County Superior Court. Heard in the Court of Appeals 27 March 2007.

*Horack, Talley, Pharr & Lowndes, P.A., by John W. Bowers, and Wuersch & Gering LLP, by Gregory F. Hauser, for defendants-appellants.*

*Sigmon, Clark, Mackie, Hutton, Hanvey, & Ferrell, P.A., by Warren A. Hutton and Stephen L. Palmer, for plaintiff-appellee.*

ELMORE, Judge.

Judge Richard D. Boner of the Catawba County Superior Court ordered an enforcement of judgment against Algemene AFW N.V.; Algemene USA, LLC; Bruvatex N.V.; Cositex N.V.; Bruvatex USA, Inc.; Zenith Exports, Ltd.; Zensilk, Inc.; Decoviz-Produtos de Decoracao Lda; Teviz de Vizela S.A.; Penelope; Penelope USA, LLC; High Five Textiles, LLC; and Luc Callens (collectively, defendants) on 21 February 2006. Defendants appeal from this order, as well as from a pre-judgment order of attachment and from a post-judgment order denying relief from the judgment under Rule 60(b).

**PURCELL INT'L TEXTILE GRP., INC. v. ALGEMENE AFW N.V.**

[185 N.C. App. 135 (2007)]

Purcell International Textile Group (plaintiff), a North Carolina corporation, purchased an Illinois corporation that had entered into sales contracts with several of the defendants. The parties terminated the contracts on or about 27 November 2003, and on 20 April 2004, plaintiff filed suit against defendants with claims based in contract, fraud, and unfair and deceptive trade practices. W. Rickert Hinnant (Hinnant) represented defendants in the litigation.

Hinnant began settlement negotiations with plaintiff as the 9 January 2006 trial date approached. Hinnant reached a settlement agreement with plaintiff via telephone, and the parties announced the agreement in open court on the trial date. Pursuant to the agreement, defendants would pay plaintiff a total of $850,000.00 in three payments over a six-month time period. The first payment was due 31 January 2006. The total payment of $850,000.00 exceeded the authority defendants had vested in Hinnant; however, Hinnant represented to plaintiff that he had obtained defendants' approval. Plaintiff reduced the settlement agreement to writing, and Hinnant returned the writing with what purported to be the signatures of representatives from all but four of the defendant companies. In fact, Hinnant never informed any of the defendants of the agreement, never sent defendants the written agreement, never produced a signed confession of judgment, and forged all of the signatures forwarded to plaintiff.

Meanwhile, Hinnant tried to convince defendants to agree to the terms of the settlement agreement, which he had negotiated without defendants' knowledge or consent. Defendants agreed to the monetary portion of the agreement but objected to several other material terms. As these discussions continued, defendants failed to make the 31 January 2006 payment due to plaintiff pursuant to the settlement agreement Hinnant had negotiated.

On 1 February 2006, plaintiff informed Hinnant that the first payment had not been made, and on 7 February 2006, plaintiff served a motion to enforce the settlement by entry of a judgment against all defendants jointly and severally. On 17 February 2006, the court granted plaintiff's motion for a pre-judgment attachment of up to the full amount of the judgment against any of the defendants. On 21 February 2006, the court entered judgment against defendants for $850,000.00 plus fifteen percent to cover attorneys' fees (as provided for in the settlement agreement in case of breach), for a total of $977,500.00. On 24 February and 27 February 2006, the court granted plaintiff's requests for a temporary restraining order

and preliminary injunction to freeze defendants' funds in a trust account accessible by Hinnant.

Defendants had no knowledge of the settlement agreement that Hinnant negotiated until after the court entered judgment against them. They claim that they never saw the written agreement until March, 2006. At that time, defendants retained new counsel, and on 9 March 2006 moved for relief from the judgment and the pre-judgment attachment pursuant to Rule 60(b) of our Rules of Civil Procedure. On 15 March 2006, the trial court denied the motion, and this appeal followed.

**[1]** Defendants first argue that the court abused its discretion in denying defendants' Rule 60(b)(6) motion for relief from judgment. Defendants contend that Hinnant committed fraud on the court and that he exceeded his authority in the settlement agreement. They further contend that these two acts together resulted in circumstances so extraordinary that justice demands relief. We disagree.

To demonstrate an abuse of discretion, an appellant must show that the trial court's ruling was "manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998). Rule 60(b)(6) allows a court to relieve a party from a judgment for "any . . . reason justifying relief." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2005). This Court has held that setting aside judgments pursuant to Rule 60(b)(6) is only appropriate if (1) extraordinary circumstances exist, (2) there is a showing that justice demands it, and (3) the movant shows a meritorious defense. *Royal v. Hartle*, 145 N.C. App. 181, 184-85, 551 S.E.2d 168, 171 (2001). Relief from attorney fraud on the court "is to be granted only where the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *Henderson v. Wachovia Bank of N.C. N.A.*, 145 N.C. App. 621, 625, 551 S.E.2d 464, 468 (2001).

"The attorney-client relationship is based upon principles of agency." *Harris v. Ray Johnson Constr. Co.*, 139 N.C. App. 827, 830, 534 S.E.2d 653, 655 (2000) (citations omitted). North Carolina presumes an attorney has the authority to act for a client he represents, and that presumption must be rebutted by proving to the satisfaction of the court that the attorney's actions were unauthorized. *Id.* at 829, 534 S.E.2d at 654-55.

An act is within the power of an agent if the agent has the legal ability to bind the principal to a third person thereby, even though

the act constitutes a violation of the agent's duty to the principal
. . . . When a[n] . . . agent acts within the scope of his apparent
authority, and the third party has no notice of the limitation on
such authority, the [principal] will be bound by the acts of
the agent, and . . . where one of two persons must suffer loss
by the fraud or misconduct of a third person, he who first reposes
the confidence or by his negligent conduct made it possible for
the loss to occur, must bear the loss.

*Zimmerman v. Hogg & Allen Professional Assoc.*, 286 N.C. 24,
30, 209 S.E.2d 795, 799 (1974) (citations, quotations, and empha-
sis omitted).

*Henderson* allows a court to grant relief on the basis of attorney
fraud only when the adverse party's attorney commits the fraud.
*Henderson*, 145 N.C. App. at 625, 551 S.E.2d at 468. Hinnant worked
as defendants' attorney, and the court did not rely on any representa-
tions he made to render a judgment in favor of his clients. Therefore,
defendants are not entitled to relief from any fraud Hinnant may have
committed. *Id.* at 625, 551 S.E.2d at 468.

Hinnant's actions were binding on defendants, who hired him
to act as their agent in handling the case and negotiating a settle-
ment. *Harris*, 139 N.C. App. at 830, 534 S.E.2d at 655. Defendants
granted Hinnant the authority to settle the case and never stripped
him of that authority. *Id.* at 829, 534 S.E.2d at 654-55. Based on his
actual authority, Hinnant engaged in negotiations offering settlement
figures of $400,000.00 and $500,000.00, and plaintiff declined both
offers. Each time plaintiff declined a settlement offer, Hinnant estab-
lished a pattern of following up with a new offer featuring a larger
amount of money. Thus, when Hinnant offered a settlement of
$850,000.00, which exceeded his actual authority, plaintiff could have
reasonably assumed that offer was within Hinnant's authority and
had no reason to know that Hinnant had exceeded his limits.
*Zimmerman*, 286 N.C. at 30, 209 S.E.2d at 799. Thus, the agree-
ment negotiated by Hinnant bound defendants despite the fact that
Hinnant exceeded his authority and violated his duty to defendants.
*Id.* at 30, 209 S.E.2d at 799.

Because Hinnant acted with apparent authority as defend-
ants' agent, defendants fail to meet the criteria for setting aside the
judgment. N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2005): *Royal*, 145
N.C. App. at 184-85, 551 S.E.2d at 171. The circumstances were not
extraordinary, but dealt with basic North Carolina agency law. *Id.* at

184-85, 551 S.E.2d at 171. Furthermore, defendants failed to offer a meritorious defense as required by *Royal*, simply stating, "[W]e need not show a meritorious defense." *Id.* at 184-85, 551 S.E.2d at 171. Accordingly, the court acted within its discretion, and defendants' assignment of error is without merit.

[2] Defendants next argue that the trial court abused its discretion in denying the Rule 60(b)(1) motion for relief from judgment for excusable neglect. We disagree.

Rule 60(b)(1) provides that a party may be granted relief from judgment for "[m]istake, inadvertence, surprise, or excusable neglect." N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2005). A trial court's ruling on a Rule 60(b) motion stands unless the court abused its discretion. *Thomas M. McInnis & Associates, Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 554 (1986). However, a court's finding of excusable neglect, and what constitutes excusable neglect, is a question of law reviewable based on the court's findings of fact. *Id.* at 425, 349 S.E.2d at 554. "Clearly, an attorney's negligence in handling a case constitutes inexcusable neglect and should not be grounds for relief under the 'excusable neglect' provision of Rule 60(b)(1) . . . . Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply." *Briley*, 348 N.C. at 546, 501 S.E.2d at 655 (citations and quotations omitted).

Defendants admit that Hinnant was negligent in handling the case. They attempt to rely on *Dishman v. Dishman*, 37 N.C. App. 543, 246 S.E.2d 819 (1978), and *Wood v. Wood*, 297 N.C. 1, 252 S.E.2d 799 (1979), for the proposition that attorney negligence may constitute grounds for excusable neglect. However, *Dishman* and *Wood* were decided well before *Briley*. This Court subsequently has recognized *Briley* as the controlling authority on the issue of excusable neglect under Rule 60(b)(1). *Henderson*, 145 N.C. App. at 626, 551 S.E.2d at 468. Accordingly, we hold that the trial court did not abuse its discretion.

[3] Finally, defendants argue that the trial court erred in entering judgments against defendants jointly and severally. Again, we disagree.

A trial court's conclusions of law are reviewable *de novo* and are binding on appeal if supported by findings of fact based on competent evidence. *Resort Realty of Outer Banks, Inc. v. Brandt*, 163 N.C. App. 114, 116, 593 S.E.2d 404, 407-08 (2004). "A valid contract is formed

when parties assent to the same thing in the same sense, and their minds meet as to all terms. Moreover, there is no law requiring a compromise contract to be put in writing." *Smith v. Young Moving & Storage, Inc.*, 167 N.C. App. 487, 493, 606 S.E.2d 173, 177 (2004) (citations and quotations omitted).

The trial court's conclusion that defendants entered into a settlement agreement with joint and several liability was supported by competent evidence. As we have noted, Hinnant had the legal authority as defendants' agent to bind defendants through his actions. The oral settlement agreement Hinnant and plaintiff reached called for joint and several liability of defendants. Therefore, Hinnant legally bound defendants to a settlement agreement with joint and several liability.

[4] Defendants contend that the settlement agreement was invalid because it was not signed by all the parties after it was reduced to writing. However, Hinnant finalized the settlement negotiation via telephone with plaintiff, and *Smith* does not require legal agreements to be reduced to writing. *Id.* at 493, 606 S.E.2d at 177.

Defendants also contend that because they never signed the confession of judgment, there was no meeting of the minds and no legal settlement agreement. However, the trial court stated that executing the confession of judgment was a term of the settlement agreement; defendants' failure to execute the confession did not void the agreement, but instead constituted a further breach.

The trial court did not abuse its discretion in denying defendants relief from the judgment entered against them, nor did it err in enforcing the settlement agreement against defendants jointly and severally. Hinnant, as defendants' agent, entered into a valid settlement agreement on their behalf. As in *Henderson*, defendants' proper remedy is to seek relief through a malpractice claim against Hinnant. *Henderson*, 145 N.C. App. at 625-26, 551 S.E.2d at 468.

Affirmed.

Judges McGEE and STEPHENS concur.